F. EIGHMY V. THE BROTHERHOOD OF RAILWAY TRAINMEN, Appellant.

113 681
d114 254
113 681
139 138

Action for Insurance Benefit: CONDITION PRECEDENT. Where a certificate in a brotherhood order named certain injuries as constituting total disabilities, and provides that other claims for total disabilities shall be referred to certain officers of the order, who shall decide whether the disability is such as to totally incapacitate a member, entitling him to the full amount of his certificate, the decision of such officers as to whether an injury sustained by a member totally disabled him is a condition precedent to his recovery in an action on the certificate.

*Appeal from Boone District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, OCTOBER 24, 1900.

ACTION on certificate of insurance. Verdict and judgment against the defendant, and it appeals.—*Reversed.*

*Foster & Carlock* and *Robert F. Dale* for appellant.

*Dyer & Stevens* for appellee.

LADD, J.—While employed as a conductor by the Chicago & Northwestern Railroad Company, the plaintiff lost the sight of one eye, and was discharged. At that time he held a certificate, issued by the Brotherhood of Railroad Trainmen, which stipulated that he was "entitled to all rights, privileges and benefits of membership, and to participate in the beneficiary department of Class C of said brotherhood to the amount set forth in the constitution thereof, which amount, in the event of total and permanent disability, shall be paid to him, or at his death shall be paid to Dea Eighmy, if living; if not, to the executors and administrators of said member." The indemnity for Class C, as set forth in the constitution, is $1,200, and article 37 provides "for the pay-

ment, upon such member's death, or upon his becoming to-
tally disabled, within the meaning of section 44, such sum
as may be justly due according to the terms and conditions
of the constitution." Section 44 provides that: "Any
member in good standing suffering the loss of a hand at or
above the wrist joint, or the loss of a foot at or above the
ankle joint, or the loss of the sight of both eyes, shall be
considered totally and permanently disabled, and shall re-
ceive the full amount of his beneficiary certificate or cer-
tificates. Other claims for total disability shall be referred
to the grand master, first vice grand master, and grand sec-
retary and treasurer, who shall decide as to whether or not
the disability is of such a nature as to totally and perma-
nently incapacitate the claimant from the performance of
duty in any department of the train or yard service; and if
the claim is approved by them, the claimant shall receive the
full amount of the beneficiary certificate or certificates held
by him." Section 45 relates to proofs of loss, and provides
that, when these are made, "if the claim be valid, it shall be
filed, and paid in its regular order." Section 48 authorizes
an appeal to the grand lodge by any one whose claim has
been rejected, and when that of plaintiff was disallowed by
the officers named their action was approved by that body on
appeal. It will be observed that by the terms of the certifi-
cate indemnity is pledged in event of total and permanent
disability, and that whether claimant is so disabled is to be
ascertained from article 44 of the constitution. The latter
enumerates certain injuries which shall be considered to to-
tally disable, and also pledges indemnity for others which
may be found by officers named so to do. Misfortunes not
mentioned may as completely disqualify trainmen for ser-
vice, and because of this protection is afforded to those who
have suffered injury other than as specified of such a nature
as "to totally and permanently incapacitate the claimant for
the performance of duty in any department of the train or
yard service." Unless so found, no indemnity is stipulated.
Not for total disability resulting from injuries other than

those specified, but for those decided to be such by the grand master, vice grand master, and grand secretary, is there any benefit stipulated. The condition is similar to one making a reference and finding a condition precedent to payment. The courts are not agreed as to whether such a society may create a tribunal within its organization, whose decisions shall be final, and resort to civil actions prohibited. As holding this may be done, see *Hembeau v. Great Camp*, 101 Mich. 161 (59 N. W. Rep. 417, 45 Am. St. Rep. 400); *Osceola Tribe v. Schmidt*, 57 Md. 98; *McAlees v. Supreme Sitling* (Pa. Sup.), 13 Atl. Rep. 755. Contra, see *Austin v. Searing*, 16 N. Y. 112; *Stephenson v. Insurance Co.*, 54 Me. 70; *Association v. Robinson*, 147 Ill. Sup. 138 (35 N. E. Rep. 168; *Supreme Council v. Forsinger*, 125 Ind. 52 (25 N. E. Rep. 129, 9 L. R. A. 501). See, also, *Woolsey v. Independent Order*, 61 Iowa, 492. But it appears to be well settled that an incidental or collateral matter may be referred to arbitration, or to a third party for decision, and the conclusion reached made final. Thus an agreement requiring the certificate of an engineer as to the amount of work done before final settlement was upheld in *McNamara v. Harrison*, 81 Iowa, 487. To the same effect, *Ross v. McArthur*, 85 Iowa, 203. So the appraisal of the amount of loss under an insurance policy may be made a condition precedent to the maintenance of an action, and the amount fixed final. *Read v. Insurance Co.*, 103 Iowa, 307. In *Daniher v. Grand Lodge*, 10 Utah, 110 (37 Pac. Rep. 248), it was pointed out that: "If the constitution or agreement provides for the determination only of some peculiar fact or facts, or of a question where no obligation to pay a fixed sum is expressed in the contract, or where no particular thing is to be done, but only such sum is to be paid, or such thing is to be done, as may be determined by the arbitrators, then, and in such like cases, the provision or agreement to submit is binding, in the absence of fraud." See, also, *Horton v. Sayer*, 4 Hurl. & N. 642; *Elliott v. Assurance Co.*, L. R. 2 Exch. 237; *Holmes v. Richet*, 56 Cal. 307; *Scott v.*

*Avery,* 5 II. L. Cas. 811.   In *Worsley v. Wood,* 6 Term R. 710, the king's bench considered a policy containing a condition that "persons insured shall give notice of the loss, forthwith deliver in an account, and procure a certificate of a minister, church wardens and some reputable householders of the parish importing that they knew of the character, etc., of the assured, and believed that he really sustained the loss and without fraud"; and held that the procuring of such a certificate was a condition precedent to the right of the assured to recover.   In *Campbell v. Insurance Co.,* 1 MacArthur, 246, the indemnity was on the condition that, "in the opinion of the surgeon in chief of this company, the party insured did not die of intemperance, with which the party is now or is supposed to be affected, nor by any disease produced or aggravated by said disease.   But if it is decided by the surgeon in chief that the party did die of said disease, or any other produced by said disease, then the company will only pay to the assured, and does agree to pay the assured, an amount equal to all the premiums," with interest and certain deductions.   On the death of the assured, demand was made for the amount of the policy, but the company refused payment on the ground that in the opinion of the surgeon death was caused by intemperance.   Suit was brought, and evidence introduced tending to show such was not the cause of death; but the court held the finding of the surgeon in chief to be conclusive on the parties.   These cases are decisive of that before us, and, without the finding of total disability by the officers named, or on an appeal by the grand lodge, no recovery can be had.—REVERSED.

GRANGER, C. J., not sitting.