# Sanderson, Appellant, v. Brotherhood of Railroad Trainmen.

*Beneficial societies—Special tribunal—Total disability.*

Where the constitution of a beneficial society provides that the loss of a hand, foot or eye, shall be deemed a total disability, but that whether any other injury is to be deemed a total disability shall be determined by a tribunal established by the constitution, the decision of such tribunal is binding upon the members.

Argued Oct. 23, 1902. Appeal, No. 170, Oct. T., 1902, by plaintiff, from judgment of C. P. Lawrence Co., Sept. T., 1901, No. 32, on demurrer to statement in case of Edward Sanderson v. Brotherhood of Railroad Trainmen. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit against beneficial society.   Before MILLER, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for defendant on
demurrer.

*A. W. Gardner*, with him *S. P. Emery*, for appellant.

*B. A. Winternitz* and *John G. McConahy*, for appellee, were
not heard.

PER CURIAM, November 10, 1902:

The provision of the constitution of the beneficial order of
which the appellant was a member, that " any member in good
standing suffering a loss of a hand at or above the wrist joint,
or the loss of a foot at or above the ankle joint, or the loss of
the sight of both eyes," was intended to provide for the plain
cases of total disability.   For all other cases a tribunal was es-
tablished, to which the plaintiff applied; and its decision was
conclusive of the subject.

Referring to this the learned judge of the common pleas says
in the opinion filed: " In the case at bar the plaintiff's state-
ment clearly shows that the constitution of the order provides
a tribunal to decide the very question now in controversy in
this case, to wit : Whether or not the plaintiff's claim amounted
to total disability ?   In accepting the certificate the plaintiff
agreed, with the other members of the beneficial order, that he
would submit this question to the tribunal so constituted.   It
was a tribunal of his own choice.   It was doubtless provided
for the express purpose of preventing litigation and thereby to
prevent the funds of the order from being taken and used in
defending suits.   It is to the interest of every member of the
order that this regulation should be enforced.   In our opinion
the decision of such tribunal is conclusive upon the plaintiff
and the merits of the decision of such tribunal cannot be in-
quired into collaterally, either by action at law or any other
mode."

On this finding we affirm the judgment.