[S. F. No. 3521. Department Two.—June 21, 1904.]

## A. POOL, Appellant, v. BROTHERHOOD OF RAILROAD TRAINMEN, Respondent.

BENEFIT ASSOCIATION—ACTION BY MEMBERS—RECOVERY MEASURED BY CONTRACT, CONSTITUTION, AND BY-LAWS.—In an action by a member of an unincorporated fraternal and mutual benefit association, his right to recover must be measured by his contract, which must be read with the constitution and by-laws of the association, to which he has agreed.

ID.—BROTHERHOOD OF RAILROAD TRAINMEN — INJURY ADDRESSED TO BENEVOLENCE—ABSENCE OF LEGAL LIABILITY—NONSUIT.—Where the character of the injury suffered by the plaintiff was by the terms of the constitution and by-laws of the "Brotherhood of Railroad Trainmen," to which he had agreed as a member, such that his claim was "addressed to the systematic benevolence of the brotherhood, and shall in no case be made the basis of any legal liability on the part of the brotherhood," and that the approval of a beneficiary board was "required as a condition precedent to the right of any such claimant to benefits," and it appeared that the beneficiary board had rejected the plaintiff's claim, a nonsuit was properly granted in this action thereupon.

APPEAL from a judgment of the Superior Court of Alameda County. S. P. Hall, Judge.

The facts are stated in the opinion.

W. B. Rinehart, for Appellant.

Appellant was prevented from recovering his meritorious claim by the improper conduct of the officers of the respond-

ent, and respondent cannot avail itself of the protection of the provisions of the by-laws. (Bacon on Benefit Societies, secs. 123, 450, and cases cited; *Kumle* v. *Grand Lodge A. O. U. W.*, 110 Cal. 204; *Supreme Council* v. *Foresinger*, 125 Ind. 52,[1] and cases cited; *Robinson* v. *Templar Lodge*, 117 Cal. 370-375;[2] *Supreme Sitting* v. *Stein*, 120 Ind. 270; *Berlin* v. *Eureka Lodge*, 132 Cal. 296; *Eighmy* v. *Brotherhood of Railroad Trainmen*, 113 Iowa, 681.)   The law of private corporations applies to voluntary unincorporated societies in this state.  (*Otto* v. *Journeymen, etc.*, 75 Cal. 313;[3] *Hogan* v. *Pacific Endowment League*, 99 Cal. 250.)

Edward A. Holman, for. Respondent.

The plaintiff was bound by his contract and the constitution and by-laws of the defendant, as a member of the brotherhood.   (Niblack on Mutual Benefit Societies, secs. 14, 94, 136; Bacon on Benefit Societies, secs. 87, 94; *Robinson* v. *Irish-American Society*, 67 Cal. 135; *Hogan* v. *Pacific Endowment League*, 99 Cal. 248; *Bowie* v. *Grand Lodge*, 99 Cal. 392; *Levy* v. *Magnolia Lodge*, 110 Cal. 297, 309; *Robinson* v. *Templar Lodge*, 117 Cal. 375;[2] *Hass* v. *Mutual Relief Assn.*, 118 Cal. 6; *Wood* v. *What Cheer Lodge*, 20 R. I. 795; *Loeffler* v. *Modern Woodmen*, 100 Wis. 79.)

COOPER, C.—At the close of plaintiff's testimony the court granted a nonsuit, and judgment was entered for defendant.   This appeal is from the judgment.

The action was brought to recover twelve hundred dollars claimed to be due plaintiff on a benefit certificate issued by defendant, an unincorporated fraternal and mutual benefit association, of which plaintiff was a member, for a total and permanent disability, caused by an injury to plaintiff's spine, received in the course of his employment.

Plaintiff's right to recover must be measured by his contract, which must be read with the constitution and by-laws of defendant, as such constitution and by-laws are deemed to have been agreed to by every member thereof, and therefore by this plaintiff.

Section 45 of the defendant's constitution provides: "Dis-

---

[1] 21 Am. St. Rep. 196.            [3] 7 Am. St. Rep. 156, and note.
[2] 59 Am. St. Rep. 193, and note.

ability Claims. Any member in good standing suffering, by means of physical separation, either the loss of a hand at or above the wrist joint, or the loss of a foot at or above the ankle joint, or suffering the loss of the sight of both eyes, shall be considered totally and permanently disabled, and shall receive the full amount of his beneficiary certificate, and not otherwise.''

Plaintiff did not lose a hand or a foot, or suffer the loss of the sight of both eyes, and therefore is not entitled to recover under the said section defining total and permanent disability, and his counsel frankly admits that he makes no such claim. But he bases his claim upon section 46, which reads as follows: ''Benevolent Claims. All claims for disability not coming within the provisions of section 45 shall be held to be addressed to the systematic benevolence of the brotherhood and shall in no case be made the basis of any legal liability on the part of the brotherhood. Every such claim shall be referred to a beneficiary board, composed of the grand master, first vice grand master, and grand secretary and treasurer, and if approved by said board, the claimant shall be paid an amount equal to the full amount of the certificate held by him, and such payment shall be considered a surrender and cancellation of such certificate, provided, that the approval of said board shall be required as a condition precedent to the right of any such claimant to benefits hereunder, and it is agreed that this section may be pleaded in bar of any suit or action at law or in equity which may be commenced in any court to enforce the payment of any such claim. No appeal shall be allowed from the action of said board in any case; but the grand secretary and treasurer shall report all disapproved claims made under this section to the succeeding biennial convention for such disposition as said convention shall deem just and proper.''

Plaintiff notified defendant of his said disability, and furnished proofs in due form, but defendant, through its beneficiary board, has refused to pay plaintiff or to allow his claim in any sum whatever.

The nonsuit was properly granted. Plaintiff agreed that his claim should be ''addressed to the systematic benevolence of the brotherhood and shall in no case be made the basis of any legal liability on the part of the brotherhood.'' We must

apply the ordinary rules governing contracts to the agreement made by the defendant with plaintiff in this case. He was guaranteed to be paid a certain sum in case of total disability from the causes set forth in section 45 of the constitution. He paid for and was insured against the loss of a hand or a foot or of both eyes. His contract was absolute in case his disability had been permanent and caused in the manner defined in the last-cited section.

In other cases the claim was of a purely benevolent nature. The beneficiary board had the power to allow it or reject it, but no duty was imposed upon such board to allow it. If the board reject such claim, the claimant may have it acted upon by the next biennial convention, and the convention may make such disposition of it as may be deemed just and proper. We know of no reason why such contract may not be made. The plaintiff was not compelled to become a member of defendant, but, having become such member, he must show a legal liability within the terms of his contract before he can recover in court.

In Bacon on Benefit Societies (sec. 94) the author refers to the leading cases and says: "In all the cases it has been held that the same principles govern as those applying to arbitrators, and when the prescribed forms have been observed, without fraud and in good faith, the decision of the committee or society is final."

It was said by this court, speaking through Temple, J., in *Robinson* v. *Templar Lodge, I. O. O. F.*, 117 Cal. 375:[1] "When a suit has been brought, it is, however, a defense to his claim to show that he has agreed to submit his demand to the tribunals of the lodge under the prescribed procedure. The defendant is not engaged in business for profit. It is a semi-charitable institution. It collects dues from its members merely to distribute to members in need according to a plan agreed to by all. It would seriously interfere with the usefulness of these mutual aid societies if their funds could be tied up by endless litigation." (See, further, Bacon on Benefit Societies, sec. 400a; *Levy* v. *Magnolia Lodge*, 110 Cal. 297; *Hass* v. *Mutual Relief Assn.*, 118 Cal. 6; *Hogan* v. *Pacific Endowment League*, 99 Cal. 249; *Rood* v. *Railway Passengers etc. Assn.*, 31 Fed. Rep. 62; *Van Poncke* v. *Netherland etc.*

[1] 59 Am. St. Rep. 193, and note.

*Society,* 63 Mich. 378; *Anacosta Tribe* v. *Murbach,* 13 Md. 91.[1]

This is not a case of an arbitrary adjudication by the officers of a benevolent association declaring a forfeiture of property, or of vested rights. It is simply the rejection of a claim that the lodge might in its charity have allowed, but it was agreed that such claim should be in the discretion of the lodge and not the basis of legal liability. Plaintiff may have been unfortunate in becoming a member of a brotherhood that is not benevolent, but the court cannot undo his actions in this regard.

It is advised that the judgment be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.