RIEDEN v. BROTHERHOOD OF RAILROAD TRAINMEN et al. (No. 5615.) *

(Court of Civil Appeals of Texas. San Antonio. March 8, 1916. Rehearing Denied April 5, 1916.)

INSURANCE ☞790 — BENEFIT CERTIFICATE— RIGHT OF RECOVERY.

Under the constitution of a brotherhood providing that a member receiving any of enumerated injuries shall be considered totally and permanently disabled and entitled to receive the amount of his beneficiary certificate, and that any other claim for disability is addressed to the benevolence of the brotherhood, and shall not constitute the basis of any legal liability of the brotherhood, but shall be referred to the beneficiary board, and, if approved by it, the member shall be paid the amount of his certificate, a member whose claim for total disability of another nature than enumerated is rejected by such board has no right of recovery.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1960; Dec. Dig. ☞790.]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Frank G. Rieden against the Brotherhood of Railroad Trainmen and others. From an adverse judgment, plaintiff appeals. Affirmed.

Geo. Powell, of San Antonio, for appellant.

MOURSUND, J. This is a suit by Frank G. Rieden, seeking to set aside a judgment of dismissal entered in a suit by him against the Brotherhood of Railroad Trainmen. The facts relied upon to excuse the failure of Rieden to file a motion for new trial after the cause was dismissed are fully set out, and are sufficient, and need not be here mentioned. It will also be unnecessary to state the allegations in detail which relate to the merits of the cause of action. The petition discloses that Rieden was a member in good standing of a subordinate lodge of the Brotherhood of Railroad Trainmen, and held a beneficiary certificate entitling him to recover $1,350 in case of plaintiff's death or his total permanent disability; that he was injured by being struck on the head by a moving freight train; that his skull was fractured, and he is and was totally and permanently disabled from working on the railroad in train service; that he presented his claim as provided by sections 70 and 71 of the constitution of defendant, but his claim was rejected; that his claim, with full proof of his total permanent disability as railroad trainman, was, as required by the constitution of defendant, submitted for decision to the Beneficiary Board of defendant, composed of the Grand Master, Assistant Grand Master, Grand Secretary, and Grand Treasurer of said Supreme Lodge, whose duty it was to decide as to the sufficiency of said proofs, and said Beneficiary Board willfully and fraudulently rejected and disallowed his claim, and falsely and fraudulently reported that plaintiff had not proven his permanent disability; that, as is required by section 70 of said constitution, the Grand Secretary and Treasurer reported the disapproval of such claim to the Board of Insurance at its next annual meeting, and said board fraudulently and willfully refused to allow such claim. The certificate contained the following provision:

"This certificate is issued on the express condition that the said Frank G. Rieden shall comply with the Constitution, by-laws, rules, and regulations now in force, or which may hereafter be adopted by the within-named Brotherhood, which are printed and published by the Grand Lodge of the said Brotherhood and made a part hereof, and that he pay all dues and assessments imposed upon him within the time specified by the Constitution and by-laws."

The following provisions of the constitution and general rules of the Grand Lodge are disclosed by plaintiff's petition:

"Sec. 68. Any beneficiary member in good standing, who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of both eyes, shall be considered totally and permanently disabled, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, to the full amount of his beneficiary certificate, but not otherwise.

"Sec. 69. Proofs of total and permanent disability shall be made as follows: The secretary of the lodge of which the brother is a member and the member shall promptly make statement in writing of such disability on the form prescribed and under the seal of the lodge, which statement shall also be signed by the Master Financier. There shall also be made, signed and sworn to by attending physician, a statement setting forth the nature and extent of the injury and all proofs, including the beneficiary certificate of the member and his receipts for all dues and assessments for the month in which he was injured, shall be forwarded to the Grand Secretary and Treasurer, and if the same are found to be regular and satisfactory by him, the claim shall be assessed for and paid in its regular order, but if the Grand Secretary and Treasurer shall for any reason disallow or reject said claim, it shall be referred to the Beneficiary Board, who may allow or disallow the claim. If allowed, it shall be assessed for and paid in its regular order. If disallowed by the Beneficiary Board, the claimant may appeal to the Board of Insurance, which may allow or disallow the claim, and its decision shall be final. If allowed, it shall be assessed for and paid in its regular order. If the claimant is at a distance from the lodge, the examining physician shall be appointed by the Grand Secretary and Treasurer or Grand Master. Any claimant shall be required at the option of the Grand Master, and as a condition precedent to the right of recovery upon his certificate, to submit himself to examination by one or more reputable physicians or surgeons to be selected by the Grand Master, and the fee of the physician, or surgeon, making such examination shall be borne by the Grand Lodge.

"Sec. 70. All claims for disability not coming within the provision of section 68 shall be held to be addressed to the systematic benevolence of the Brotherhood and shall in no case be made the basis of any legal liability on the part of the Brotherhood. Every such claim shall be referred to the Beneficiary Board, composed of the Grand Master, Assistant Grand Master, and

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

184 S.W.—44     *Application for writ of error pending in Supreme Court.

Grand Secretary and Treasurer, who shall prescribe the character and decide as to the sufficiency of the proofs to be furnished by the claimant, and if approved by said board, the claimant shall be paid an amount equal to the full amount of the certificate held by him, and such payment shall be considered a surrender and cancellation of such certificate, provided that the approval of said board shall be required as a condition precedent to the right of any such claimant to benefits hereunder, and it is agreed that this section may be pleaded in bar of any suit or action at law, or in equity, which may be commenced in any court to enforce the payment of any such claims. No appeal shall be allowed from the action of said board in any case; but the Grand Secretary and Treasurer shall report all disapproved claims made under this section to the Board of Insurance at its next annual meeting for such disposition as such Board of Insurance shall deem just and proper.

"Sec. 71. A brother desiring to present a claim under section 70 shall make application to his lodge in writing, accompanying which must be a certificate from a regular practicing physician or surgeon showing the condition of the brother and on which the claim is to be based. If approved by the lodge, the secretary shall forthwith forward them with notice of such approval to the Grand Secretary and Treasurer, who will at once forward to the lodge the necessary blanks and instructions for presenting a claim."

Plaintiff further alleged that certain stipulations in section 70 of the constitution are arbitrary and void, namely, the provision that the rejection of a claim by the Beneficiary Board and Board of Insurance is final, and also the one to the effect that such section 70 may be pleaded in bar of any suit or action at law or in equity which may be commenced in any court to enforce the payment of any such claims. A general demurrer was sustained to the petition.

The question to be decided, as presented by the briefs, is whether under said section 70 Rieden is entitled to recover for total disability of the kind suffered by him. In section 68 the disabilities classed as permanent are defined, and plaintiff's injuries are not such as to bring him within any of those therein set out. In very plain language the contract provides for the payment of a certain sum in the event of the insured's death, or in the event of his suffering any one of the disabilities named in section 68 and therein classified as permanent disabilities. If he suffers other injuries than those named therein, although of equally permanent character and disabling him to an equal extent as one therein named, such injuries are not covered by said section, and no recovery can be had therefor. Brotherhood of R. R. Trainmen v. Walsh, 89 Ohio St. 15, 103 N. E. 759. There is no provision for payment on account of injuries other than those described in section 68, unless it can be deduced from section 70. That section provides that all claims for disability not coming within the provisions of said section 68 shall be held to be addressed to the systematic benevolence of the Brotherhood, and shall in no case be made the basis of any legal liability on the part of the Brotherhood. This language, tak-

en in connection with the remainder of the section, strongly indicates that the intention was that under no circumstances should a claim not falling within those described 'in section 68 even become the basis for a cause of action against the Brotherhood; that, even if allowed by the board, it would still address itself merely to the benevolence of the order. However, if it be conceded that the language employed in the subsequent part of the section, when construed most strongly against the Brotherhood, can be said to give the beneficiary a legal right, provided the Beneficiary Board allow the claim, still appellant cannot recover; for he fails to show that such legal right ever came into existence. The contract does not give a cause of action in one provision and undertake to deprive the beneficiary of it in another by providing that no appeal shall be made to the courts, as was the case in Lewis v. Brotherhood Accident Co., 194 Mass. 1, 79 N. E. 802, 17 L. R. A. (N. S.) 714. There is no undertaking to pay for permanent disabilities such as appellant alleged, unless it is stated in the provision that such payment will be made if the Beneficiary Board decides in favor thereof. No duty was imposed by the contract upon the board to allow any such claim. The claim was of a purely benevolent nature. Can it be said that it is contrary to public policy to contract that a benevolent claim will only be paid if allowed by a certain board? Certainly not. But, if it could be held to be contrary to public policy, under what provision would appellant be entitled to recover? Can the courts change the contract so as to make it read that members are entitled to recover for all permanent disabilities, whether mentioned in section 68 or not, leaving the question to be determined by a jury in each case whether the disabilities are permanent? There is nothing in the contract which evidences an intention to so provide, nor from which appellant could contend that he was even led to believe that such was his contract. Such a liability was evidently not contemplated by the Brotherhood, and hence not provided for in fixing assessments. The courts cannot make a contract for the parties. They can hold that contractual rights cannot be taken away by any system of arbitration whereby one of the parties to the contract does the arbitrating, but they cannot hold that the contract gives rights which it expressly negatives.

As was said in the case of Pool v. Brotherhood of Railroad Trainmen, 143 Cal. 650, 77 Pac. 661:

"This is not a case of an arbitrary adjudication of the officers of a benevolent association, declaring a forfeiture of property or of vested rights. It is simply the rejection of a claim that the lodge might in its charity have allowed, but it was agreed that such claim should be in the discretion of the lodge and not the basis of legal liability. Plaintiff may have been unfortunate in becoming a member of a brotherhood that is not benevolent, but the court cannot undo his actions in this regard."

In support of the conclusion that appellant is not entitled to recover, we also cite the following cases: Eighmy v. Brotherhood of R. R. Trainmen, 113 Iowa, 681, 83 N. W. 1051; Sanderson v. Brotherhood of R. R. Trainmen, 204 Pa. 182, 53 Atl. 767.

The judgment is affirmed.