GRAND LODGE, BROTHERHOOD OF RAILROAD TRAINMEN *v*. SMITH.

[92 South. 837, No. 22736.]

1. INSURANCE. *Under constitution of order providing that certain claims should be addressed to order's benevolence, there was no legal liability.*

Where a beneficiary certificate declared the holder entitled to participate in the beneficiary department to the amount set forth in the constitution, which provided that claims for disability other than certain specified claims should be addressed to the systematic benevolence of the order, and not be made the basis of any legal liability, and that this provision might be pleaded in bar of any suit or action, the order was not legally liable to the member for a disability to which such provision applied.

2. INSURANCE. *Member held not entitled to recover dues paid subsequent to disability for which claim disallowed.*

Under the constitution of a benefit society, providing that claims for certain disabilities should be addressed to the benevolence of the order, and that, if allowed, payment thereof should be considered a surrender and cancellation of the certificate, where such a claim was disallowed the member could not recover back the dues paid subsequent to the injury to keep the certificate alive, as these payments were for insurance which he obtained.

Appeal from circuit court of Hinds county.

Hon. W. H. Potter, Judge.

Action by Ike Smith against the Grand Lodge, Brotherhood of Railroad Trainmen. From a judgment for plaintiff, defendant appeals, and plaintiff brings a cross-appeal. Reversed and judgment rendered.

*Alexander & Alexander,* for appellant.

We come now to the main point in this case, that is to say whether the plaintiff (appellee) is bound by the plain provisions of section 68, and whether section 70 shall be held to mean exactly what it says. In the case of *Pool* v. *Brotherhood of Railway Trainmen,* 143 Cal. 650, 77 Pac. 611, the sections of the constitution relied upon are sections 45 and 46 which correspond exactly to sections 68 and 70 respectively of the same defendant in the case at bar. The court said: ". . . But he (plaintiff) bases his claim upon section 46, which reads as follows: 'Benevolent claims' (quoted). 'Plaintiff notified defendant of his disability, and furnished proofs in due form; but defendant through its benefit board has refused to pay plaintiff or to allow his claim in any sum whatever. The nonsuit was properly granted. Plaintiff agreed that his claim should be addressed to the systematic benevolence of the Brotherhood, and shall in no case be made the basis of any legal liability on the part of the brotherhood.' We must apply the ordinary rules governing conditions to the agreement made by the defendant with plaintiff in this case. He was guaranteed to be paid a certain sum in case of total disability from the causes set forth in section 45 of the constitution. He paid for and was insured against the loss of a hand or a foot or of both eyes. His contract was absolute in case his disability had been permanent and caused in the manner defined in the last cited section."

In other cases the claim was of purely benevolent nature. The beneficiary board had the power to allow it or reject it, but no duty was imposed upon such board to

allow it. If the board reject such claim, the claimant may have it acted upon by the next biennial convention and the convention may make such disposition of it as may be deemed just and proper. We know of no reason why such contract may not be made. The plaintiff was not compelled to become a member of defendant, but having become such member he must show a legal liability within the terms of his contract before he can recover in court.

"This is not a case of an arbitrary adjudication by the officer of a benevolent association declaring forfeiture of property, or of vested rights. It is simply the rejection of a claim that the lodge might in its charity have allowed, but it was agreed that such claim should be in the discretion of the lodge and not the basis of legal liability. Plaintiff may have been unfortunate in becoming a member of a brotherhood that is not benevolent, but the court cannot undo his actions in this regard." The latest authority upon this point is the recent case of *Robinson* v. *Brotherhood of Railroad Trainmen*, 92 S. E. (W. Va.) 730. This case is exactly in point, deals with the same defendant, and construes the identical sections involved in the case at bar.

"The court considered the contention that provisions in similar certificates which operate to oust the jurisdiction of the courts are invalid, but proceeded to cite the well-known exception to such principle to the effect that such provisions may be held invalid. If by its contract the society assumes an absolute legal obligation to pay a definite sum in a certain event, or under certain conditions, and does not merely engage to pay such benefits as may be awarded by its officers." The court then referred again to the same contention and concluded as follows: "But the claim here asserted falls within another distinct class of cases requiring the application of a different rule. The basis of the difference lies within the voluntary character of the obligation assumed by defendant, as evidenced by section 70 of its constitution which is expressly made a part of the contract sued on."

The court quoted at length with approval from the case of *Pool* v. *Brotherhood of Railroad Trainmen, supra,* and concluded as follows: "It is difficult to perceive if a different construction were adopted, upon what principles of law the exact nature of plaintiff's rights and the measure of his recovery could be determined. The question is not one of procedure merely, but of the very existence of the right asserted. But no legal right is shown; the courts cannot make a contract for the parties where they have made none for themselves.

It is deemed unnecessary to go further with the citation of authority upon this precise point and the above case is respectfully referred to this court in its entirety inasmuch as it discusses the exact question herein involved thoroughly and with many citations.

As said in the Robinson case last cited, it would be necessary in order to afford relief to the appellee to rewrite the contract between the parties as found in section 68. It is not impossible that a provision that suit should not be brought for and on account of the injuries therein enumerated may be invalid. But, such is not the case here. Section 70 does not extend or add to the contractual rights and duties of sections 68. Plaintiff has no more right to sue and demand payment for an injury not particularly described, than he would have to demand payment for the loss of his house by fire. Let us suppose that section 70 was not a part of the constitution; certainly no liability would follow an injury to plaintiff's spine. Section 70 gives no rights, but only opportunities. How can it justly be said that the appellant by making mention of its benevolent purpose to aid its members in case of injury contracted for, assume a definite legal liability to do so.

Nor is the agreement of the defendant, that he will not distort the benevolent charity of the appellant into a definite contractual liability, invalid. Appellee has merely agreed to refrain from doing what he had no legal right to do. The present condition of the appellee may be distressing; the absence of legal rights to relief may consti-

tute a disappointment but he is in the position of one, who has taken out insurance upon his home against fire and tornado and suffered the loss of same by earthquake. If appellee had desired protection against this sort of accident which he has suffered, it was his simple duty and privilege to so contract. He has no right now, in the face of his solemn agreement to the contrary, to twist the charitable purposes of appellant into a definite contract for the payment of a definite sum.

Section 71 states that a member, who has suffered an injury not the subject of contract, and who desires to present such matter to the systematic benevolence of the brotherhood shall "petition his lodge in writing." In other words he may petition, but not demand. To hold otherwise would mean that the appellant, in a careful and clearly expressed endeavor to deny the right to demand payment in such cases as that of appellee, has by its very attempt to separate such cases from those involving contract rights suffered the very disadvantage which it thus sought to protect itself against. In other words, its denial of the right would be thus taken to be the creation of such right.

The second assignment of error deals with the introduction, over the objection of appellant, of a copy of the "Railroad Trainmen" which include a list of benefits which had been paid under the benevolent provisions of section 70. It is not thought that authority is needed to support our contention as to its inadmissibility. To show that other claims have been considered as justifying the exercise of the charity of the appellant is not proof as to the merits of the claim of appellee. Such evidence was also irrelevant because in the absence of proven fraud, the beneficiary board's conclusions were final. If such testimony could have proved anything, it would be merely that such beneficiary board does not act arbitrarily, and does not take up such cases as opportunities, for the exercise of its benevolent charity.

We respectfully submit that the demurrer should have been sustained and that upon the trial of the case below,

the court should have granted the motion of appellant to exclude plaintiff's testimony and also for a peremptory instruction, and that this court should reverse this case and enter its judgment here for appellant.

*Watkins, Watkins & Eager,* for appellee.

An agreement in advance of any dispute where property rights are involved to oust the jurisdiction of the court is invalid, and void. *Woodmen* v. *Ramsay,* 118 Miss. 461; *Sons and Daughters of Jacob of America* v. *Aaron W. Wilkes,* 98 Miss. 179, 53 So. 403, 52 L. R. S. (N. S.) 817; Ruling Case Law, Volume 19; page 1225, par. 38; *Supreme Counsel, etc.* v. *Garrigus,* 104 Ind. 133; *Bauer* v. *Samson Lodge,* 102 Ind. 262; *Mulroy* v. *K. of H.,* 28 Mo. App. 462; 2 Bacon, par. 450, page 1146; *Railway Passenger & Freight Conductors Mutual Aid & Benefit Association* v. *Tucker,* 157 Ill. 203; *Kinney* v. *B. & O. Employees Relief Association,* 35 W. Va. 386; *Whitney* v. *National Masonic Accident Association,* 54 N. W. (Minn.) 148; *Danier* v. *Grand Lodge, A. O. U. W.,* 10 Utah 110; *Bond* v. *Grand Lodge,* 165 Ill. App. 491, 79 Ill. App. 500; *Brotherhood of Railroad Trainmen* v. *Randolph,* 84 Ill. App. 220 (affirmed in 186 Ill. 98); *Brotherhood of Railroad Trainmen* v. *Greaser,* 108 Ill. App. 598; *Great Hive of Modern Maccabees* v. *Hodge,* 130 Ill. App. 1; *Railway Trainmen* v. *Randolph,* 186 Ill. 89; *Ramsey* v. *Woodmen, supra; Independent Order, etc.* v. *Wilkes, supra; Bauer* v. *Samson Lodge, Knights of Pythias,* 102 Ind. 262; *Supreme Lodge of the Order of Select Friends* v. *Raymond,* 49 L. R. A. 373 (Kan.); *McMahon* v. *Maccabees,* 151 Mo. 544.

We respectfully cite your honors to the following other decisions which uphold the contention here sought: *Voluntary Relief Department, etc.,* v. *Spencer,* 46 N. E. (Ind.), 477; *B. & O. P. R. Co.* v. *Stankard,* 46 N. E. 577, 56 Ohio St. 224, 49 L. R. A. 381, 60 Am. St. Rep. 745; *Placa* v. *Polizzi Generosa Society of New York,* 138 N. Y. S. 822; *Markham* v. *Supreme Court I. O. O. F.,* 78 Neb. 295, 110 N. W. 638;

*Honea* v. *American Council No. 27, etc.,* 139 Tenn. 21, 201 S. W. 127; *Sweet* v. *Modern Woodmen of America,* 172 N. W. (Wis.), 143; *Eminent Household Columbian Woodmen* v. *Payne,* 88 So. (Ala.), 454; *Pepin* v. *Societe of St. Jean Baptiste,* 23 R. O. 81; *Kelly, Admx.,* v. *Trimont Lodge,* 154 N. C. 17.

"An organization or association which promises to pay a certain sum upon certain disabilities in consideration of the members' payment of dues is not a purely benevolent organization and in no sense a benevolent organization dispensing benefits without consideration."

The appellant attempts in this case to absolve itself from liability under a pretense of benevolence, and the claim is made by it that under section 70 the question of whether or not a claim should be allowed was to be wholly determined by the beneficiary board of the appellant order, and if it approved and paid the same it was merely as a result of the benevolence of the appellant. 19 Ruling Case Law, p. 1182, par. 5; *Bauer* v. *Samson Lodge, Knights of Pythias,* 102 Ind. 262; *Dolan* v. *Court of Good Samaritan, etc.; Elkhart Mutual Aid, etc., Ass'n* v. *Houghton,* 98 Ind. 149; *Supreme Lodge, Knights of Pythias* v. *Schmidt,* 98 Ind. 374; *Supreme Lodge of the Order of Select Friends* v. *Raymond,* 49 L. R. A. (Kan.), 373; See 1 Words & Phrases, (2 Series), pages 428 and 429, "Benevolence;" *Fuller Bros., Toll Lumber & Box Company* v. *Fidelity & Casualty Company* (Kan.), 68 S. W. 223; *St. Louis Gaslight Co.* v. *City of St. Louis,* 46 Mo. 121; 2 Whart. Cont., sec. 653; *St. Joseph Union Depot Co.* v. *Chicago, R. I. & P. Ry. Co.,* 131 Mo. 291, 31 S. W. 908; *Patterson* v. *Camden,* 25 Mo. 13; *Scott* v. *Scott,* 95 Mo. 300, — S. W. 161; *Forman* v. *Mutual Life Ins. Co.* (Ky.), 191 S. W. 286; *Fullerton* v. *United States Casualty Co.,* 167 N. W. (Iowa), 703; *Daily* v. *Minnick,* 117 Iowa, 567, 91 N. W. 913, 60 L. R. A. 840; *Pratt* v. *Prouty,* 104 Iowa, 419, 73 N. W. 1035, 65 Am. St. Rep. 472; *St. Louis G. & L. Co.* v. *City,* 46 Mo. 121; *Fuller* v. *Fidelity Co.,* 94 Mo. App. 490, 68 S. W. 222; *Missouri State Life Insurance Co.* v. *Hill,* 159 S. W. (Ark.), 32;

See, also, *Carlson* v. *Scandia Life Ins. Co.*, 174 N. W. (Wis.), 896; *I. & G. N. Ry. Co.* v. *Rathblath*, 167 S. W. 751; *Candelaria* v. *Columbian National Life Ins. Co.*, 153 — 447; *Fire Association of Philadelphia* v. *Taylor*, 76 Kan. 398, 399.

In the case of *Snyder* v. *Supreme Ruler of the Supreme Mystic Circle*, 122 Tenn. 248, 122 S. W. 918, 45 L. R. A. (N. S.) 214, it was held that a fraternal society organized to provide benefits for the families and widows of members will be estopped from disputing its liability to pay a certificate to the divorced wife of a member where she was made the beneficiary before the divorce was secured and the supreme ruler of the society induced her to continue payment of the dues after the divorce under the belief that on the death of the assured the benefit would be paid to her, and the society received and used the payment so made for a series of years, and it was immaterial that a by-law had been adopted withholding the right to the fund from a divorced wife. *Ault* v. *Dustin*, 100 Tenn. 366; *Ohio & M. R. Co.* v. *McCarthy*, 96 U. S. 258, 24 Law Ed. 693, 227 U. S. 497, 57 Law Ed; *Smith* v. *German Insurance Co.*, 107 Mich. 270; *Union Central Life Insurance Co.* v. *Drake*, 214 Fed. 530; *Powers* v. *Bohuslav*, 84 Neb. 184; *Fenn* v. *Ware*, 100 Ga. 563, 28 S. E. 238; *Illinois Central R. R. Co.* v. *Seitz*, 214 Ill. 350, 73 N. E. 585, 105 Am. St. Rep. 108; *Fullerton* v. *United States Casualty Co.*, 167 N. W. 704.

*Argument on Cross-Appeal.* The learned trial court committed error in refusing to grant instructions Nos. 4 and 5 (transcript pages 113 and 114) and the appellee and cross-appellant should have been awarded judgment for the dues and assessments paid by him after the date of his disability and up to the time of the filing of this suit.

*Reply to Brief of Appellant.* On page 5 of appellant's brief, it is stated that such agreements as set up in section 70 of appellant's constitution are perfectly valid, and in support thereof cites 19 Ruling Case Law 1233, section 43, but if the court will examine this citation it will find that it is an opposing and minority doctrine and the op-

posite of that adopted by this court and some twenty odd other courts of this country.

Counsel for appellant cite the case of *Daniher* v. *Grand Lodge,* 10 Utah, 110, but if the court will examine this case, reading the opinion in full and not stopping off short with the inapplicable quotation appearing in appellant's brief, it will be seen that this decision is a distinct holding in favor of this appellee. Bac. Ben. Soc., sec. 123; *Whitney* v. *Association* (Minn.), 54 N. W. 184; *Seward* v. *City of Rochester,* 109 N. Y. 164, 16 N. E. 348; *Austin* v. *Searing,* 69 Am. Dec. 665; *Crossley* v. *Insurance Co.,* 27 Fed. 30; *Whitney* v. *Masonic Accident Asso.,* 52 Minn. 378, 54 N. W. 184; *Eighmy* v. *Brotherhood of Railway Trainmen,* 113 Iowa, 83 N. W. 1051; *Poole* v. *Brotherhood of Railway Trainmen,* 143 Cal. 659, 77 Pac. 611.

Counsel on page 14 in citing and quoting from the case of *Kane* v. *Brotherhood of Railroad Trainmen,* 102 Neb. 645, is discussing a matter entirely out of point and not applicable to the case at bar. The Nebraska court holds strictly in conformity with the contentions of the appellee here, as is shown by the case of *Markham* v. *Supreme Court of I. O. O. F.,* 78 Neb. 295, where it was distinctly held that a by-law providing for final adjudication of rights of a member and prohibiting resort to the courts is void as against public policy and unreasonable.

Appellant in his brief cites the case of *Robinson* v. *Brotherhood of Railroad Trainmen,* 92 N. E. 730 (W. Va.), and state in their brief that the case is exactly in point, but we submit that the facts distinguish this case from the case at bar.

In conclusion, we wish to respectfully call the attention of the court to a few Mississippi cases, in support of point No. 4; that is that the appellant is estopped to deny its liability here on the ground that section 70 places the matter in the beneficiary board for final determination because by its conduct and dealings, and especially its letter to the secretary in respect to this appellee's claim in 1917 (Tr. 103) it admitted its liability, subject to the disa-

bility of the appellee, thereafter proving to be total and permanent, and said appellant is now estopped to change its course of conduct and deny that state of facts. *Home Insurance Co. of New York v. Gibson*, 72 Miss. 62; *Insurance Company v. Comfort*, 50 Miss. 662; *Liverpool & C. Insurance Co. v. Farnsworth*, 72 Miss. 555, 17 So. 445; *Western Assurance Co. v. White*, 25 So. 494; *American Hoop Co. v. Searles*, 93 Miss. 6. Judgment of the lower court should be reversed and judgment entered here in favor of this appellee and cross-appellant for the face amount of said beneficiary certificate, together with six per centum interest thereon from November 5, 1915, the date of the disability, together with the sum of three hundred seventy-seven dollars and fifty cents, representing the amount of dues and assessments paid by said appellee and cross-appellant since the date of said disability.

Anderson, J., delivered the opinion of the court.

The appellee, Ike Smith, sued appellant, Grand Lodge, Brotherhood of Railroad Trainmen, in the circuit court of the First district of Hinds county on a "beneficiary certificate" held by him in appellant, a benevolent accident and life insurance society, and recovered a judgment, from which appellant prosecutes this appeal. Appellee also in the same suit sought to recover the premiums or dues paid by him on said beneficiary certificate since his injury in 1915, which was denied him by the trial court, which action of the court is the basis of a cross-appeal by appellee.

On November 3, 1915, while engaged as a switchman for the Illinois Central and Yazoo & Mississippi Valley Railroad Companies in their yards in the city of Memphis, state of Tennessee, the appellee received an injury to his back which resulted in his permanent and total disability. At the time of such injury appellee was a member of appellant society, and held therein a beneficiary certificate, in which he was classed as C, which beneficiary certificate, in connection with section 68 of appellant's constitution,

fixed the amount of his insurance for a permanent and total disability at one thousand six hundred dollars. The appellee's claim, however, upon which he based his suit, was not founded on section 68 of appellant's constitution, but on section 70 of said constitution. Said section 68, however, has a material bearing on the questions here involved, and it is therefore necessary to consider it along with said section 70. Those sections are in the following language in the order named:

"Sec. 68. Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of both eyes, or upon becoming seventy (70) years of age, shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate."

"Sec. 70. All claims for disability not coming within the provision of section 68 shall be held to be addressed to the systematic benevolence of the brotherhood, and shall in no case be made the basis of any legal liability on the part of the brotherhood. Every such claim shall be referred to the beneficiary board, composed of the president, assistant to the president and general secretary and treasurer, who shall prescribe the character and decide as to the sufficiency of the proofs to be furnished by the claimant, and, if approved by said board, the claimant shall be paid an amount equal to the full amount of the certificate held by him, and such payment shall be considered a surrender and cancellation of such certificate, provided that the approval of said board shall be required as a condition precedent to the right of any such claimant to benefits hereunder and it is agreed that this section may be pleaded in bar of any suit or action at law, or in equity, which may be commenced in any court to enforce the payment

of any such claims. No appeal shall be allowed from the action of said board in any case; but the general secretary and treasurer shall report all disapproved claims made under this section to the board of insurance at its next annual meeting for such disposition as such board of insurance shall deem just and proper."

That part of appellee's beneficiary certificate in appellant society which is pertinent to the questions involved in this case is in this language:

"That Brother Ike Smith, a member of Chickashaw Lodge, No. 3470, said brotherhood, is entitled to all rights, privileges and benefits of membership and to participate in the beneficiary department of said brotherhood to the amount set forth in the constitution thereof, which amount, in the event of his total and permanent disability as defined in section 68 of the constitution, shall be paid to him."

It will be noted that a permanent and total disability as defined in section 68 of appellant's constitution consists of the following: (1) The amputation or severance of an entire hand at or above the wrist joint; or (2) the amputation or severance of an entire foot at or above the ankle joint; or (3) the complete and permanent loss of the sight of both eyes; or (4) on becoming seventy years of age. Appellee's contention is that the disability suffered by him is provided for in section 70 of appellant's constitution construed in connection with its rules and by-laws.

As provided for in the constitution and laws of appellant, the appellee filed his claim with appellant under section 70 of said constitution, by which he claimed the face value of his beneficiary certificate for a permanent and total disability resulting from said injury to his back, which claim was disallowed by appellant, and thereupon appellee brought this suit on his said beneficiary certificate.

Appellant contends that, construing section 70 of its constitution in connection with the appellee's beneficiary certificate and said section 68 of appellant's constitution,

the appellee's claim is without foundation; that said section 70 creates no contractual obligation on the part of appellant to pay appellee anything whatsoever for any injury received by him which does not come within the terms of said section 68 of appellant's constitution; that said section 70 makes provision alone for claims founded on benevolence, and not on contract. On the other hand, appellee contends for the converse of that proposition. The appellee proved a total and permanent disability other than that provided for in said section 68 of appellant's constitution, which appellee contends was arbitrarily and unjustly disallowed by appellant, and that therefore appellee's rights under said section 70 of appellant's constitution were violated, resulting in the right of the appellee to bring this suit. It should be stated, however, in this connection, that the only evidence offered to show that rejection of appellee's claim by appellant was arbitrary and unjust was that theretofore the claims of members of appellant society had been by it allowed which had no more merit than appellee's claim.

Appellee contends further that the stipulation in said section 70 of appellant's constitution which provides that any claim thereunder for a permanent and total disability shall be submitted for allowance to the board provided for in said section 70, whose decision shall be final and conclusive, is not valid, because to enforce it would have the effect of ousting the courts of their jurisdiction conferred on them by law. It is apparent that, if appellee got no contract rights under said section 70 of appellant's constitution, it will be unnecessary to decide this latter question.

What contract rights, if any, did appellee get by virtue of said section 70 of appellant's constitution? It will be noted that the first clause of section 70 provides that all claims for disability not coming within section 68 "shall be held to be addressed to the systematic benevolence of the brotherhood, and shall in no case be made the basis of any legal liability on the part of the brotherhood."

And the next clause provides that every such claim for benevolence shall be referred to a board composed of the president, his assistant, and the general secretary and treasurer of appellant society for adjudication. And the next clause provides that section 70 shall be a complete bar to any suit at law or in equity which may be brought to enforce any claim by the beneficiary under said section. And section 68 of the Constitution provides that no injuries other than those therein set out shall constitute permanent and total disability.

This identical question has been before some of the courts of this country in cases in which appellant here was a party, and involving this exact beneficiary certificate and constitutional provisions corresponding exactly with said sections 68 and 70 of appellant's constitution. In *Pool* v. *Brotherhood of Railroad Trainmen,* 143 Cal. 650, 77 Pac. 611, the sections of the constitution there involved corresponding exactly to sections 68 and 70 here were 45 and 46. This suit was based on section 46, corresponding to section 70 here. In discussing the question the supreme court of California said, among other things:

"Plaintiff notified defendant of his said disability, and furnished proofs in due form, but defendant, through its beneficiary board, has refused to pay plaintiff or to allow his claim in any sum whatever.

"The nonsuit was properly granted. Plaintiff agreed that his claim should be 'addressed to the systematic benevolence of the brotherhood and shall in no case be made the basis of any legal liability on the part of the brotherhood.' We must apply the ordinary rules governing contracts to the agreement made by the defendant with plaintiff in this case. He was guaranteed to be paid a certain sum in case of total disability from the causes set forth in section 45 of the constitution. He paid for and was insured against the loss of a hand or a foot or of both eyes. His contract was absolute in case his disability had been permanent and caused in the manner defined in the last cited section.

"In other cases the claim was of a purely benevolent nature. The beneficiary board had the power to allow it or reject it, but no duty was imposed upon such board to allow it. If the board reject such claim, the claimant may have it acted upon by the next biennial convention, and the convention may make such disposition of it as may be deemed just and proper.

"We know of no reason why such contract may not be made. The plaintiff was not compelled to become a member of defendant, but, having become such member, he must show a legal liability within the terms of his contract before he can recover in court. . . .

"This is not a case of an arbitrary adjudication by the officer of a benevolent association declaring a forfeiture of property, or of vested rights. It is simply the rejection of a claim that the lodge might in its charity have allowed, but it was agreed that such claim should be in the discretion of the lodge and not the basis of legal liability. Plaintiff may have been unfortunate in becoming a member of a brotherhood that is not benevolent, but the court cannot undo his actions in this regard."

This question was before the supreme court of West Virginia in *Robinson* v. *Brotherhood of Railroad Trainmen* as reported in 80 W. Va. 567, 92 S. E. 730, L. R. A. 1917E, 995. Sections 68 and 70 of appellant's constitution were involved in that case as here. The injury in that case consisted of the loss of three fingers on the right hand, which was a disability not provided for in said section 68. The opinion of the court in that case gives a very full and lucid discussion of the questions here involved. The court followed the discussion with this conclusion:

"Thus treating and construing the certificate issued to plaintiff and the constitution of defendant as embodying the contract between them, it is obvious no legal liability enforceable at law has arisen in this instance. This conclusion is inevitable from the nature of the brotherhood and the character of the obligation it has assumed, and it is fully sustained by the decisions cited. To these might be added others of similar conclusiveness."

The only case directly in point referred to on behalf of appellee is *Bond* v. *Grand Lodge,* 165 Ill. App. 490. This case was decided by an intermediate and not a court of last resort. It was referred to and discussed as an authority in *Robinson* v. *Brotherhood of Railroad Trainmen, supra.* The court in the latter case, in discussing the reasoning and soundness of that case, said:

"We cannot assent to the exceptional interpretation of the certificates and constitution of the defendant made by the Fourth District Appellate Court of Illinois, in *Bond* v. *Brotherhood of Railroad Trainmen,* 165 Ill. App. 490, followed by the later case of *Convery* v. *Brotherhood,* 190 Ill. App. 479, whereby such certificates are given the effect of an absolute and enforceable legal obligation to pay a sum certain in any case of total and permanent disability of the member. Avowedly, that was a strained construction, made to avoid the otherwise conclusive effect of the decision of the beneficiary board under section 70, as sustained by the overwhelming weight of authority. Apparently the question of liability under these certificates has not been determined by the supreme court of Illinois. But that court did hold in *Conductors' Benefit Association* v. *Robinson,* 147 Ill. 138, 35 N. E. 168, that, although generally when one of the parties is sought to be made the final judge as to the rights involved the courts will not give such a construction to a contract as to have that effect if it is possible to give any other, yet 'it is competent for members of benefit societies to so contract that their rights as members shall depend upon the determination of a tribunal of their own choice, which shall be conclusive.' "

Neither these constitutional provisions of appellant nor any like them have been before this court for interpretation. But, so far as the question here involved is concerned, we see no difficulty in said constitutional provisions, even without the help of authority from other states. There is nothing whatever either in the constitution or laws of appellant in conflict with or which broadens

the meaning of said sections 68 and 70 of its constitution to the extent of giving appellee any contract right for his disability. And those two sections in unmistakable terms provide that there shall be no liability whatever on the part of appellant for any permanent and total disability except that provided for in section 68. And section 70 taken alone, in equally plain terms provides that claims by members for any other permanent and total disability shall be addressed alone to the benevolence of appellant society, for which there shall be no legal liability on the part of appellant. This amounts simply to an invitation on the part of appellant to appellee that, if he shall suffer a permanent and total disability other than that provided for in said section 68, appellant will hear his application for a donation, which it will grant or not as it sees fit, expressly providing that there shall be no liability either at law or equity for such disability. Construing appellant's constitution, laws, and beneficiary certificate most strongly against it, as argued should be done, they mean that, and nothing more, so far as the question here is concerned. Appellee accepted a contract by the plain terms of which there is no liability to him by appellant for the disability he suffered; and we are unable to see any reason why he should not be bound by it. The decision of this question goes to the root of the whole case, and renders it unnecessary to decide the question whether a party to a contract can bargain away his right to resort to the courts, for, if he has no rights, there is nothing to contract away. And it follows also from these views that appellee was not entitled to recover back from appellant the dues paid by him to appellant since his injury in order to keep his beneficiary certificate alive, which question is involved in appellee's cross-appeal. In doing so appellee paid for insurance which he got and kept in force.

The trial court should have directed a verdict for appellant.

Reversed, and judgment here for appellant.

*Reversed.*