24070. GABRELL *v.* GRAND LODGE, BROTHERHOOD OF RAILWAY TRAINMEN.

DECIDED JANUARY 7, 1935.

*V. E. Adams,* for plaintiff.

*Bryan, Middlebrooks & Carter, Bonneau Ansley,* for defendant.

JENKINS, P. J. A member of a mutual benefit association, holding its beneficiary insurance certificate, can not legally enforce a claim thereon for total disability, where the constitution of the association provides for payment in cases of total disability where there is "the amputation or severance of a hand, at or above the wrist joint, or an entire foot, at or above the ankle joint, or the complete and permanent loss of the sight of both eyes, or upon the

insured becoming seventy years of age," and further provides that "all claims for disability not coming within the [said] provisions shall be held to be addressed to the benevolence of the brotherhood," and shall be made to a beneficiary board for approval and payment at its option without appeal in any case, and that this section "may be pleaded in bar of any suit or action at law or in equity which may be commenced in any court to enforce the payment of any such claims," and where the claim of the member is not within the legally enforceable disabilities quoted, and has been disallowed by the beneficiary board. While the validity of such provisions has never been adjudicated in this State, they have been upheld by the overwhelming weight of authority, and must be interpreted and enforced according to their clear and unambiguous language. They do not, as contended, render the contract unilateral, or contrary to law or public policy as an attempt to divest the courts of jurisdiction by imposing upon the member an arbitration and determination of any legal claim or rights and remedies in advance of litigation. The parties were free to contract as they did, in limiting the total disabilities for which payment could be legally enforced to those specified, and providing that all other total disabilities should be subject only to optional payment addressed to the benevolence of. the association through its designated board. The denial by the board of a claim for total disability in the optional and benevolent class would not constitute an arbitrary, oppressive, and fraudulent act in bad faith, such as would nullify the express terms of the contract and authorize an action, even though the disability was total and permanent, and its nature was known to the association and the board. Nor were the quoted provisions abrogated or rendered ambiguous by the general language in the preamble of the constitution, that the purpose of the association was "to promote the general welfare and advance [the] interests" of its members, and "to protect their families by the exercise of benevolence, very needful in a calling so hazardous" as theirs. The court did not err in sustaining the motion to dismiss the petition. Grand Lodge v. Smith, 129 Miss. 738 (92 So. 837, 27 A. L. R. 863, 869-873); Pool v. Brotherhood, 143 Cal. 650 (77 Pac. 661); Huff v. Grand Lodge, 97 Neb. 848 (151 N. W. 979); Sanderson v. Brotherhood, 204 Pa. 182 (53 Atl. 767); Welsh v. Brotherhood, 200 N. C. 184 (156 S. E. 539); Robinson v. Brotherhood, 80 W. Va. 567 (92 S.

E. 730, L. R. A. 1917E, 995) ; Grand Lodge Brotherhood of Railway Trainmen *v.* Nolan (Ky.), 244 S. W. 759; Rieden *v.* Brotherhood, (Tex.) 184 S. W. 689; Order of Railway Conductors *v.* Carpenter, 114 Ohio St. 255 (151 N. E. 45) ; Eighmy *v.* Brotherhood, 113 Iowa, 681 (83 N. W. 1051) ; 2 Couch's Cyc. Ins. Law, § 354 (a) ; 45 C. J. 230, § 180, notes 97-99. The only two directly applicable authorities relied upon by the plaintiff (Bond *v.* Grand Lodge, 165 Ill. App. 490; Convery *v.* Grand Lodge, 190 Ill. App. 479), were in effect overruled by the Illinois Supreme Court in Kelly *v.* Brotherhood, 308 Ill. 508 (140 N. E. 5, 19 A. L. R. 243, 251). *Judgment affirmed. Stephens and Sutton, JJ., concur.*