BROTHERHOOD OF RAILROAD TRAINMEN *v.* DEATON.

Opinion delivered December 5, 1927.

1.  CONTRACTS—CONSTRUCTION.—Courts must construe contracts as the parties have made them; and where they are unambiguous, and their meaning definite and certain, nothing is left for construction.

2.  INSURANCE—LIABILITY UNDER POLICY.—Where a policy of insurance entitled the beneficiary to recover for certain disabilities, and further provided that all claims for disability not coming within the disabilities insured against should be held to be addressed to the systematic benevolence of the brotherhood, and should not be made the basis of any legal liability on the part of the brotherhood, but should be referred to the beneficiary board of the fraternal society, *held* that claims addressed to the society's benevolence could not be made the basis of legal liability, notwithstanding Crawford & Moses' Dig., § 6156, providing that no insurance

policy should contain any provision depriving beneficiary of the right to jury trial on any question of fact arising under the policy.

Appeal from Lonoke Circuit Court; *W. J. Waggoner*, Judge; reversed.

*W. D. Jackson* and *Reed & Beard*, for appellant.

*Bogle & Sharp*, for appellee.

McHANEY, J.     Appellee is a railroad brakeman, and is a member of the Desha Lodge No. 162 B. of R. T., and held a beneficiary certificate issued by appellant as follows:

"This beneficiary certificate, issued by the Grand Lodge Brotherhood of Railroad Trainmen, witnesseth: That Brother Dewey Deaton, a member of Desha Lodge No. 162 of said brotherhood, is entitled to all the rights, privileges and benefits of membership, and to participate in the beneficiary department, class D, of said brotherhood, to the amount set forth in the constitution thereof, which amount, in the event of his total and permanent disability, as defined in § No. 68 of the constitution, shall be paid to him, or, at his death, shall be paid to Jewel Deaton, his wife, if living; if not, to the executor or administrator of said member's estate, in trust, however, for and to be forthwith paid over to his heirs at law, and the amounts to be paid hereunder shall become due only upon the presentment of proper proofs of the death of the assured, and the legal right of such executor or administrator to receive the same, such proofs to be made in accordance with the constitution and general rules of the brotherhood.

"This certificate is issued upon the express condition that the said Dewey Deaton shall comply with the constitution, general rules and regulations now in force or which may hereafter be adopted by the within named brotherhood, which, as printed and published by the grand lodge of the said brotherhood, with the application for this certificate as signed by him and the medical examination of said D. Deaton, copies of which application and medical examination are attached hereto, all of which are made a part hereof, and, together with this

certificate, constitute the contract between said D. Deaton and said brotherhood, and that he pay all dues and assessments imposed upon him within the time specified by the constitution and general rules * * * ''

Section 68 of the constitution referred to in the beneficiary certificate reads as follows:

''Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot, at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of one or both eyes, or, upon becoming seventy years of age, shall be considered permanently and totally disabled, but not otherwise, shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate. A disabled member paid under this section shall automatically become a non-beneficiary member, beginning with the month following the month in which his claim was approved, provided he pays such dues and assessments that are required from non-beneficiary members.''

Appellee relies for a recovery in this case on the provisions of § 70 of the constitution, which reads as follows:

''All claims for disability not coming within the provisions of § 68 shall be held to be addressed to the systematic benevolence of the brotherhood, and shall in no case be made the basis of any legal liability on the part of the brotherhood. Every such claim shall be referred to the beneficiary board, composed of the president, assistant to the president, and general secretary and treasurer, who shall prescribe the character and decide as to the sufficiency of the proofs to be furnished by the claimant, and, if approved by said board, the claimant shall be paid an amount equal to the full amount of the certificate held by him, and such payment shall be considered a surrender and cancellation of such certificate; provided,   that the approval of said board shall be

required as a condition precedent to the right of any such claimant to benefits hereunder, and it is agreed that this section may be pleaded in bar of any suit or action at law, or in equity, which may be commenced in any court to enforce the payment of any such claims. No appeal shall be allowed from the action of said board in any case; but the general secretary and treasurer shall report all disapproved claims made under this section to the board of insurance at its next annual meeting for such disposition as such board of insurance shall deem just and proper.''

The undisputed facts are that, while riding on top of a box-car at Colliston, Louisiana, the air hose ''bursted,'' automatically setting the air brakes on the train, and threw him off of the top of the car, breaking his right ankle and foot, fracturing his backbone, and breaking his left heel. He was permanently disabled and incapacitated from performing any work as a railroad brakeman. He did not suffer the loss by amputation of either hand at or above the wrist joint, nor either foot at or above the ankle joint, nor did he suffer the loss of either eye. The case was submitted to the court sitting as a jury, and appellant requested the court to enter judgment for it. Its motion to this effect was overruled, and judgment entered in favor of appellee for the sum of $2,800 under the benefit certificate and $129 dues paid subsequent to the date of said injury, or a total of $2,929, from which comes this appeal.

Counsel for appellee concede that § 68 of the constitution does not cover the injury sustained by appellee, but contend that they are entitled to recover under the provisions of § 70 of the constitution, both of which have heretofore been set out. The constitution, general rules and regulations of the brotherhood are made a part of the contract between the parties, and appellee's right to recover in this case depends upon the proper construction to be given the beneficiary certificate when read in connection with §§ 68 and 70 of the constitution. And, since it is conceded that § 68 has no application in this case, the right to a recovery will have to be based upon

a construction of the beneficiary certificate and said §
70, together with that section of the constitution defining
class D certificates.. There is no question raised about
the correctness of the amount of insurance covered by
class D, nor the amount of premiums paid since his
injury.   It will be noticed that the beneficiary certificate
recites that he ''is entitled to all the rights, privileges
and benefits of membership, and to participate in the
beneficiary department, class D, of said brotherhood to
the amount set forth in the constitution thereof, which
amount, in the event of his total and permanent disability
as defined in § No. 68 of the Constitution, shall be paid
to him,'' etc.   Since appellee did not receive any ''per-
manent disability as defined in § No. 68 of the constitu-
tion'' by suffering the loss of either hand at or above the
wrist joint, or either foot at or above the ankle joint, or
the loss of either or both eyes,'' which was all appellant
agreed to insure appellee against, it necessarily follows
that appellee has not brought himself within the terms of
the policy or beneficiary certificate by showing that he
suffered an injury covered by the policy.

Section 70 has no application.   Appellant did not
agree to insure appellee against all total and permanent
disability, but only such total and permanent disability
as is covered by § 68.   All claims under § 70, as stated
therein, which include all claims other than those arising
under § 68, ''shall be held to be addressed to the system-
atic benevolence of the brotherhood, and shall in no
case be made the basis of any legal liability on the part
of the brotherhood.''   In other words, appellant and
appellee agreed that, for any other disability suffered by
appellee than those defined in § 68, he would leave it to the
brotherhood to say whether his claim should be paid. In
the event his claim is allowed, the full amount of the cer-
tificate must be paid him, but, as to whether he will be
paid  this amount or nothing, is left absolutely to the
discretion of an agency of appellant.   Courts must con-
strue contracts as the parties have made them, and,
where they are unambiguous and their meaning definite

and certain, nothing is left for construction.    As was said in the case of *Pool* v. *Brotherhood of Railroad Trainmen,* 143 Cal. 650, 77 Pac. 661:

"We must apply the ordinary rules governing contracts to the agreement made by the defendant with plaintiff in this case.    He was guaranteed to be paid a certain sum in·case of total disability from the causes set forth in § 45 of the constitution.    He paid for and was insured against the loss of a hand or a foot, or of both eyes. His contract was absolute in case his disability had been permanent and caused in the manner defined in the last cited section.    In other cases the claim was of a purely benevolent nature.    The beneficiary board had the power to allow it or reject it, but no duty was imposed upon such board to allow it.    If the board reject such claim, the claimant may have it acted upon by the next biennial convention, and the convention may make such disposition of it as may be deemed just and proper.    We know of no reason why such a contract may not be made. The plaintiff was not compelled to become a member of the defendant, but, having become such member, he must show a legal liability within the terms of his contract before he can recover in court."

In that case the California court had under consideration §§ 45 and 46 of appellant's constitution, which were at that time identical with the sections now under consideration, §§ 68 and 70.

In a well considered case, *Grand Lodge Brotherhood of Railroad Trainmen* v. *Smith,* 129 Miss. 738, 92 So. 837, 27 A. L. R. 863, the Supreme Court of Mississippi had under consideration the identical provisions of the contract as in this case, and held that the plaintiff was not entitled to recover under § 70 for injury received to his back, whereby he became totally and permanently disabled.    This opinion reviews many of the cases arising in other jurisdictions under the same provisions of the constitution of the brotherhood, and in which the court said:

"Neither these constitutional provisions of appellant nor any like them have been before this court for

interpretation. But, so far as the question here involved is concerned, we see no difficulty in said constitutional provision, even without the help of authority from other States. There is nothing whatever either in the constitution or laws of appellant in conflict with or which broadens the meaning of said §§ 68 and 70 of its constitution to the extent of giving appellee any contract right for his disability. And those two sections, in unmistakable terms, provide that there shall be no liability whatever on the part of appellant for any permanent and total disability except that provided for in § 68. And § 70, taken alone, in equally plain terms provides that claims by members for any other permanent and total disability shall be addressed alone to the benevolence of appellant society, for which there shall be no legal liability on the part of appellant. This amounts simply to an invitation on the part of appellant to appellee that, if he shall suffer a permanent and total disability other than that provided for in said § 68, appellant will hear his application for a donation, which it will grant or not as it sees fit, expressly providing that there shall be no liability, either at law or equity, for such disability. Construing appellant's constitution, laws and beneficiary certificate most strongly against it, as argued should be done, they mean that, and nothing more, so far as the question here is concerned. Appellee accepted a contract by the plain terms of which there is no liability to him by appellant for the disability he suffered, and we are unable to see any reason why he should not be bound by it. The decision of this question goes to the root of the whole case, and renders it unnecessary to decide the question whether a party to a contract can bargain away his rights to resort to the courts, for, if he has no rights, there is nothing to contract away. And it follows also from these views that appellee was not entitled to recover back from appellant the dues paid by him to appellant since his injury in order to keep his beneficiary certificate alive, which question is involved in appellee's cross-appeal.''

Appellee recognizes the force of these decisions in other jurisdictions, but says that the rule in this State should be different, because of § 6156 of C. & M. Digest, which reads as follows: "No policy of insurance shall contain any condition, provision or agreement which shall directly or indirectly deprive the insured or beneficiary of the right to trial by jury on any question of fact arising under such policy, and all such provisions, conditions or agreements shall be void." He contends that to deny him the right to recover under § 70 is in violation of said section of the Digest, for the reason that it is left to the beneficiary board of appellant to determine appellant's liability, instead of the courts. In other words, that appellant sets up a tribunal of its own to pass upon the claims of its members for the purpose of ousting the jurisdiction of the courts therein. We cannot agree with appellee in this contention, as § 70 does not create an absolute liability on the part of appellant for any total disability. Section 68 does create such a liability, and, as to its liability under this section, appellant could not provide for a board of arbitration or set up a tribunal of its own to determine its liability, because it absolutely binds itself to pay for a loss covered by such section. Therefore the authorities cited by appellee, holding that it is not competent for parties to contract in advance of a dispute that the decision of the board of arbitration or tribunal named in the contract shall be final and binding on the parties, thereby ousting the jurisdiction of the courts, have no application to this case. We therefore conclude that said § 70 of the constitution cannot be made the basis of a cause of action against appellant, and that the court should have granted appellant's request for a judgment in its favor.

The judgment of the circuit court must be reversed and the cause dismissed. It is so ordered.