S. L. WELSH v. BROTHERHOOD OF RAILROAD TRAINMEN.

(Filed 27 January, 1931.)

1. **Insurance R a—Disability feature of policy did not cover disability arising from cause sued on in this action.**

Where a section of the insurance feature of a benevolent association provides that any holder of its certificate who shall suffer the amputation of one or both hands, one or both feet, or the loss of sight in one or both eyes, or who shall reach the age of seventy shall be considered totally and permanently disabled and be entitled to disability benefits thereunder: *Held*, there is no ambiguity in the language of the section leaving room for construction, and a holder of a certificate may not recover thereunder for disability arising from injury to his spine.

2. **Insurance E c—Insurance policy of fraternal order may be reformed for mutual mistake or mistake of one party induced by fraud.**

An insurance policy of a fraternal order is subject to reformation by the courts in equity when it is alleged and proved that it failed to express the real agreement of the parties because of mistake common to both parties or mistake of one party induced by the fraud of the other.

3. **Same—Rescission and not reformation of policy of fraternal insurance is proper when reformation would result in unjust discrimination.**

Rescission rather than reformation of a policy of insurance of a benevolent or fraternal order will be decreed in proper instances when the result of reformation will result in unjust discrimination among its members.

4. **Same—Where evidence fails to disclose that alleged misrepresentations were made as inducement or relied on by insured, nonsuit is proper.**

Where in an action for reformation of an insurance policy of a fraternal order there is evidence that an officer of the order made a misstatement to a member of the order as to the risks covered by the policy, but there is no evidence that the statement was made as an inducement to the member to take out the policy or that the statement was relied on by the member, with further evidence that the member could have read the policy and was given an opportunity to do so, is *Held:* insufficient for the reformation of the policy to cover a risk it did not assume to cover.

5. **Insurance R a—Held: action would not lie to compel payment of disability benefits of fraternal insurance, payment being in discretion of committee.**

Where the terms of a policy of insurance issued by a fraternal association obligates to pay a certain amount upon the insured being permanently disabled if injury resulted in certain particular instances; and as to permanent injury otherwise resulting, payment was left to the "benevolence" of its specified committee, the policy specifying that in the event that the application for disability benefits under this section be disallowed by the committee that their action would be final and that no

appeal should lie therefrom, and that in case of action at law the section could be pleaded in bar of recovery, *Held:* upon the committee disallowing an application under the section the claimant may not recover in an action at law on the ground that the action of the committee was arbitrary and unreasonable.

APPEAL by defendant from *Sink, Special Judge,* at June Special Term, 1930, of MECKLENBURG.    Reversed.

This is an action to recover on a "Beneficiary Certificate," issued by the defendant, a fraternal, beneficiary association, to the plaintiff, a member of said association.    The defendant is organized under the name and style of "The Brotherhood of Railroad Trainmen" and consists of one grand lodge and of subordinate lodges, organized under charters issued by the grand lodge.    The certificate was issued to the plaintiff, a member of a subordinate lodge, on his application therefor, and is dated 1 August, 1926.    It was in full force and effect at the date of the commencement of this action, and at said date plaintiff was entitled to all the benefits of its provisions.

As the holder of said certificate, plaintiff was entitled to participate in the beneficiary fund of the defendant, as provided in its constitution and by-laws.    It is provided in the certificate, in effect, that the sum of $5,000 shall be paid to plaintiff by the defendant, out of said beneficiary fund, in the event of plaintiff's total and permanent disability as defined in section 68 of its constitution; and that in the event of his death, the said sum shall be paid to his wife, if living; otherwise, to his personal representative.

Section 68 of the constitution and by-laws of defendant, which was in force at the date of the certificate, is in words as follows:

"Section 68. Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of one or both eyes, or upon becoming seventy (70) years of age, shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate.    A disabled member paid under this section shall automatically become a non-beneficiary member beginning with the month following the month in which his claim was approved, providing he pays dues and assessments that are required from non-beneficiary members."

In addition to the benefits provided for in section 68, which by the terms of said section are a legal liability of defendant, other benefits are provided for by section 70 of defendant's constitution and by-laws. Said section is as follows:

"Section 70. All claims for disability not coming within the provisions of section 68 shall be held to be addressed to the benevolence of the brotherhood, and shall in no case be made the basis of any legal liability on the part of the brotherhood. Every such claim shall be referred to the beneficiary board, composed of the president, assistant to the president, and general secretary and treasurer, who shall prescribe the character and decide as to the sufficiency of the proofs to be furnished by the claimant, and if approved by said board, the claimant shall be paid an amount equal to the full amount of the certificate held by him, and such payment shall be considered a surrender and cancellation of such certificate, provided that the approval of said board shall be required as a condition precedent to the right of any such claimant to benefits hereunder, and it is agreed that this section may be pleaded in bar of any suit or action at law or equity, which may be commenced in any court to enforce the payment of any such claims. No appeal shall be allowed from the action of said board in any case; but the general secretary and treasurer shall report all disapproved claims made under this section to the board of insurance at its next annual meeting for such disposition as such board of insurance shall deem just and proper."

On 17 September, 1928, plaintiff filed his petition addressed to the officers and members of his subordinate lodge, as required by the provisions of defendant's constitution and by-laws, for an allowance of a "benevolent claim" under section 70 of defendant's constitution. This petition was accompanied by a physician's certificate that plaintiff was suffering with "an arthritis of the lumbar spine, which dates from an injury. He is now wearing a spinal support, which I advise he continue to use." This petition with the accompanying physician's certificate, was forwarded to the beneficiary board of defendant, by the subordinate lodge of which plaintiff is a member, with its approval. Thereafter, on 17 December, 1928, plaintiff was advised that his disability claim had been duly considered by the beneficiary board, and disapproved. After considerable correspondence with said board, and personal interviews with its members, plaintiff instituted this action on 5 November, 1929.

In his complaint plaintiff alleges:

"6. That on 15 June, 1928, while said certificate or policy was in full force and effect, the plaintiff, while in the discharge of his duties as a trainman, was knocked from the top of a moving box car; that he fell to the cross-ties with such force and violence as to break and fracture his spine; that as a result thereof the plaintiff has been left permanently injured, crippled and disabled; that he not only suffered the injury to his spine, but as results thereof, he has been affected with arthritis of

the spine, and arthritis of the right hip and sacro-illiac joint; that, as a result of said injuries and afflictions, the plaintiff has been left permanently injured and totally disabled to perform the duties of a railroad trainman, or to do any other work of a physical nature or character."

Plaintiff contends that he is entitled to recover in this action under the provisions of section 68 of the constitution and by-laws of defendant, but that if it shall be held otherwise by the court, that said section should be reformed, on the ground either of mutual mistake of the plaintiff and defendant, or of the mistake of the plaintiff induced by the fraud of defendant, and that he is entitled to recover under the provisions of said section as reformed.

Plaintiff alleges in his complaint that at the time he applied for the beneficiary certificate on which he seeks to recover in this action, "It was positively represented to him by the defendant, its agents, officers, and representatives that if he was totally and permanently disabled from following his occupation, he would unqualifiedly be entitled to five thousand dollars ($5,000), under and by virtue of the beneficiary certificate"; that plaintiff was induced by this representation to apply for and to accept the certificate issued to him by the defendant, and that if this representation was false, the certificate issued to him should be reformed so that its provisions shall be in accord with said representations.

Plaintiff further alleges in his complaint that the action of the beneficiary board of defendant in disapproving his disability claim under section 70 of the constitution and by-laws of defendant, was arbitrary and unreasonable. He contends that for this reason he is entitled to recover in this action under the provisions of said section 70.

At the trial plaintiff testified that prior to making application for the beneficiary certificate issued to him by the defendant, he talked with B. W. Snyder, who at the time was secretary and treasurer of the subordinate lodge of which plaintiff is a member. He said: "Mr. Snyder told me that he was just back from the national convention of the brotherhood, and that at this convention they had adopted for the benefit of the trainmen a $5,000 feature which would pay for the loss of a hand, or an eye or both hands above the wrist, or both eyes or both feet above the ankle, or if a person should become permanently and totally disabled from performing the duties of a railroad brakeman. I thought the matter over, and as Mr. Snyder said he was taking out the same policy, and one or two other young men, I figured it was a good thing and that I would need it; and I later applied for the same policy."

Plaintiff further testified that when he received the policy through Mr. Snyder, some time in July or August, 1927, he handed it to his

wife, who put it in a trunk with other valuable papers. Plaintiff did not read the certificate or the constitution and by-laws of defendant, a copy of which was forwarded to him by defendant. Plaintiff had been a member of the defendant brotherhood for many years, and had held other beneficiary certificates issued to him by the defendant. He can read and write. He was injured as alleged in his complaint, and there was evidence tending to show that he has been unable because of said injury to do the work of a trainman. He has worked from time to time as an insurance solicitor and as a salesman.

The testimony of the plaintiff was the only evidence at the trial as to any representation made to him with respect to the certificate, prior to its issuance.

Issues submitted to the jury were answered as set out in the record.

From judgment on the verdict that plaintiff recover of the defendant the sum of $5,000, with interest, defendant appealed to the Supreme Court.

*Chas. W. Bundy, Hunter M. Jones and John M. Robinson for plaintiff.*

*Cansler & Cansler and D. E. Henderson for defendant.*

CONNOR, J. There is no allegation in the complaint in this action, nor was there evidence at the trial tending to show that plaintiff was totally and permanently disabled as defined in section 68 of the constitution and by-laws of defendant. Plaintiff has not suffered an amputation or severance of an entire hand at or above the wrist joint, or an amputation or severance of an entire foot at or above the ankle joint; he has not suffered the loss of sight of one or of both eyes, nor has he arrived at the age of 70 years. He has not become totally and permanently disabled as defined in section 68. Conceding that there was evidence tending to show that he has become totally and permanently disabled from doing the work of a trainman, as the result of falling from the top of a moving box car, as alleged in his complaint, it is manifest that under the terms of the beneficiary certificate issued to him by the defendant, plaintiff cannot recover in this action, unless and until the said certificate and section 68 of the constitution and by-laws of defendant have been re-formed, as prayed for by defendant in this action. *Burton v. Ins. Co.,* 198 N. C., 498. The provisions of section 68 are so clear and free from ambiguity, that there is no room for a construction of the language of said section upon which plaintiff would be entitled to recover in this action, upon the facts alleged in the complaint and shown by all the evidence. *Hinton v. Vinson,* 180 N. C., 393, 104 S. E., 897. The vital question, therefore, to be decided on this appeal is whether there was evidence at the trial tending to show mutual mistake of the plaintiff

and defendant, with respect to the terms of the beneficiary certificate issued to plaintiff by defendant, or mistake on the part of the plaintiff, induced by the fraud of the defendant, with respect to said terms.

"It is now settled that a policy of insurance may be reformed upon proper allegations and proof, as much as a deed or any other contract, and that is true even after a loss. But the reformation is subject to the same rules of law as are applicable to all other instruments in writing. It must be alleged and proven that the instrument sought to be corrected failed to express the real agreement or transaction because of mistake common to both parties, or because of mistake of one party and fraud or inequitable conduct of the other." *Britton v. Insurance Co.,* 165 N. C., 149, 80 S. E., 1072. Where, however, as in the instant case, the defendant is a fraternal beneficiary association and a reformation of the policy or certificate, as prayed for by the plaintiff, will result in an unjust discrimination among its members, ordinarily a rescission rather than a reformation should be decreed by the court. *Graham v. Insurance Co.,* 176 N. C., 313, 97 S. E., 6, C. S., 6503.

Conceding, as contended by plaintiff, but not deciding, that the secretary and treasurer of the subordinate lodge of which plaintiff is a member, was the agent of the defendant (C. S., 6457), and that defendant would be bound by representations made by him as such agent to plaintiff, as a prospective applicant for a beneficiary certificate to be issued by defendant to plaintiff, in accordance with its constitution and by-laws, notwithstanding such representations were false or fraudulent, and not authorized by said constitution and by-laws (C. S., 6503), we are of the opinion that there was no evidence of such representations in the instant case. The only evidence offered by plaintiff as to such representations was his testimony, tending to show a conversation which plaintiff had with Mr. Snyder, the secretary and treasurer of his lodge, after the latter's return from a national convention of the defendant. It does not appear that the statement made in this conversation to plaintiff by Mr. Snyder as to the action of the convention was made for the purpose of inducing the plaintiff to apply for a beneficiary certificate, or that plaintiff relied on said statement, when he subsequently applied for the certificate which was issued by defendant.

All the evidence shows that plaintiff can read and write and that he is a man of intelligence and business experience. He had been a member of the defendant brotherhood for many years, and held certificates issued by the defendant.

The evidence fails to show a mistake common to the plaintiff and defendant with respect to the terms of the certificate which was issued by the defendant and accepted by the plaintiff; it also fails to show fraud or inequitable conduct on the part of the defendant, its agents,

officers or representatives, by which plaintiff was induced to apply for and accept the beneficiary certificate, which he now seeks to have reformed. In the absence of such evidence, on the authority of well considered decisions of this Court, plaintiff is not entitled to a reformation of his contract with the defendant. *Burton v. Ins. Co.,* 198 N. C., 498; *Welch v. Ins. Co.,* 196 N. C., 546, 146 S. E., 216; *Graham v. Ins. Co.,* 176 N. C., 313, 97 S. E., 6; *Britton v. Ins. Co.,* 165 N. C., 149, 80 S. E., 1072; *Clements v. Ins. Co.,* 155 N. C., 57, 70 S. E., 1076; *Floars v. Ins. Co.,* 144 N. C., 232, 56 S. E., 915.

Plaintiff has no cause of action against the defendant upon his allegation that the action of the beneficiary board of defendant in disapproving his disability claim under section 70 of the constitution and by-laws of defendant was arbitrary. It is expressly provided in said section that no action shall be maintained on a claim under said section until such claim has been approved by said board. Whether or not a claim addressed to the benevolence of defendant shall be approved, is by the express terms of said section to be determined by said board in the exercise of its discretion. All the evidence tends to show that said board considered said claim and in the exercise of its discretion disapproved the same. Plaintiff by his contract expressly agreed that upon such disapproval, defendant would not be liable to him for his claim for disability under section 70.

There was error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit. For this reason the judgment is

Reversed.