JOHN E. BANISTER, as Administrator of the Estate of JOHN W. BANISTER, Deceased, Respondent, *v.* RICHARD J. GRAY, as Treasurer of Bricklayers, Masons and Plasterers International Union of America, Appellant.

(Argued March 8, 1933; decided April 11, 1933.)

*Harold J. Hinman, Alfred M. Bailey, Murray Hulbert* and *John J. Dillon* for appellant. The constitution of the union gives the members no vested right to payments from the relief fund. (*Polin* v. *Kaplan,* 257 N. Y. 277; *Belton* v. *Hatch,* 109 N. Y. 593; *Gray* v. *Ferris,* 230 App. Div. 416; *Strauss* v. *Thoman,* 60 Misc. Rep. 72; *Robinson* v. *Dahm,* 94 Misc. Rep. 729; *Rood* v. *Railway P. & F. C. Mut. Ben. Assn.,* 31 Fed. Rep. 62; *Van Poucke* v. *Netherland St. Vincent de Paul Soc.,* 63 Mich. 378; *Hembeau* v. *Great Camp,* 101 Mich. 161; *Anacosta Tribe* v. *Murbach,* 13 Md. 91; *Robinson* v. *Templar Lodge,* 117 Cal. 375; *Grand Lodge, Brotherhood of Railroad Trainmen* v. *Nolan,* 196 Ky. 296; *Rieden* v. *Brotherhood of Railroad Trainmen,* 184 S. W. Rep. 689; *Robinson* v. *Brotherhood of Railroad Trainmen,* 80 W. Va. 567; *Kelly* v. *Brotherhood of Railroad Trainmen,* 308 Ill. 508.)

*William Burdell Banister* for respondent. The words " means of support " used in the constitution of the defendant must be taken in their ordinary, usual and general meaning. (*Meidel* v. *Anthis,* 71 Ill. 241.) If the constitution is entitled to more than one interpretation or the wording thereof is ambiguous then such article must be interpreted in favor of the member and against the union. (*Strauss* v. *Ernstein,* 232 N. Y. 187; *Moran* v. *Standard Oil Co.,* 211 N. Y. 187; *Marcus* v. *United States Casualty Co.,* 249 N. Y. 21; *Bushey & Sons* v. *American Ins. Co.,* 237 N. Y. 24; *Nellis* v. *Western Life Ind. Co.,* 207 N. Y. 320; *Wiggin* v. *Knights of Pythias,* 31 Fed. Rep. 122; *Bricklayers' Union* v. *Bowen,* 183 N. Y. Supp. 855; 198 App. Div. 967.)

KELLOGG, J. John William Banister was a member in good standing of the Bricklayers, Masons and Plasterers'

International Union of America, an unincorporated association. The association maintained a fund known as "The Old Age and Disability Relief Fund." In March, 1923, Banister made application for relief payable from the fund, and the application was granted. Subsequently, there was paid to Banister the sum of $7 per week until April, 1928, when the defendant struck his name from the roster of those receiving payments from the fund, and refused to make further payments. This action was brought after the death of Banister by his administrator to recover the aggregate sum claimed to be owing Banister for the period elapsing between April, 1928, and the day of his death.

The constitution of the defendant makes the following provision: "A member who has attained the age of sixty years, and who has been in continuous good standing for a period of twenty years, and is in good standing at the time he applies, and who by reason of bodily infirmity is unable to secure sustaining employment at any occupation and has no means of support, and against whom no charges of any kind whatsoever are pending in any subordinate union of the I. U., may apply for the Old Age Relief herein provided." It also provides: " The Executive Board of the I. U. shall determine all applications for relief, and no application shall be granted unless the applicant complies with all the requirements herein provided for, and such other requirements as said Board may deem necessary, and if the application is approved, payment shall commence at the time of approval."

Banister had established to the satisfaction of the defendant that he was of the age of sixty; that he had been in continuous good standing for a period of twenty years; that he was then in good standing; that he was unable by reason of bodily infirmity to obtain employment; that he had no means of support; that no charges of any kind were pending against him. Accordingly, the

defendant admitted Banister to participation in the fund. The defendant was not then aware that Banister had four adult sons; that each was gainfully employed; that each was financially able to support his father; that one of them was in fact contributing to his father's support. Having discovered these facts, the defendant, in April, 1928, because of them, struck Banister's name from the roster of those receiving payment from the Relief Fund. For this action, it claims authority will be found in a provision of the constitution reading as follows: "The Executive Board of the I. U. may at any time revoke any application, and strike from the relief roll the name of the member or widow whose application is revoked, if in the judgment of the Executive Board there is sufficient reason for such revocation."

No word is employed in the constitution from which the conclusion may be drawn that Banister was entitled as of right to participation in the fund. Compliance with all the conditions of eligibility specified would bring no promise to him that he would be paid from the fund. The language is merely that if he complies he "may apply for the Old Age Relief herein provided." Having applied "The Executive Board of the I. U. shall determine all applications for relief," and if the application is approved, "payment shall commence at the time of approval." At the very most Banister was granted a privilege to make application. Whether the application would be granted or not was entirely a matter for the Executive Board, in its discretion, to decide. The applicant must have complied, not only with the conditions expressly stated, but with "such other requirements as said Board may deem necessary." Banister's participation, therefore, was not a matter of right but a matter of favor. Many authorities in other jurisdictions support

such a holding. (*Rood* v. *Railway P. & F. C. Mut. Ben. Assn.*, 31 Fed. Rep. 62; *Van Poucke* v. *Netherland St. Vincent de Paul Soc.*, 63 Mich. 378; *Anacosta Tribe* v. *Murbach*, 13 Md. 91; *Grand Lodge, Brotherhood of Railroad Trainmen* v. *Nolan*, 196 Ky. 296; *Rieden* v. *Brotherhood of Railroad Trainmen*, [Tex. Civ. App.] 184 S. W. Rep. 689; *Kelly* v. *Brotherhood of Railroad Trainmen*, 308 Ill. 508.) As said in the Texas case: " No duty was imposed by the contract upon the board to allow any such claim;" as said in the Illinois case: " The section neither creates nor recognizes any obligation of the society to pay any amount on any such claim but leaves the character and sufficiency of the proofs entirely to the discretion of the board, which is to decide whether the society shall pay, not as a claim arising upon the certificate but in the exercise of its systematic benevolence, an amount equal to the full amount of the certificate;" so here, no contract term entitled Banister to payment, as a matter of right, or other than as a matter of discretion to be exercised in his favor or not, as the board might decide.

That which is true, in respect to Banister's original participation in the fund, is equally true in respect to the subsequent revocation thereof. As the board had the right originally, in their discretion to grant or deny participation, so, subsequently, in their discretion, they had the right to revoke or continue such participation. Such is the language of the constitution which provides that the board " may at any time revoke any application " if " in the judgment of the Executive Board there is sufficient reason for such revocation."

The board might well have justified their action upon the grounds: There are 1,867 members on the roster of the Old Age and Disability Relief Fund, each of whom receives payment therefrom of the sum of $28 per month, or a total sum per year of $627,312. The total fund is $1,734,152.32, which, if conditions of unemployment

remain as they are, might soon be exhausted, unless payment be denied to such men as Banister, whose children are amply able to give him necessary support. However, the defendant was not required to justify the revocation made. We think that the board was privileged to make it accordingly as their discretion dictated.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all the courts.

CRANE, LEHMAN, and O'BRIEN, JJ., concur; POUND, Ch. J., and CROUCH, J., dissent; HUBBS, J., not sitting.

Judgments reversed, etc.