## Fowler v. Brotherhood of Railroad Trainmen.

(Decided April 17, 1934.)

JAMES B. ADAMSON for appellant.

DYSARD, TINSLEY & PRICHARD for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Fred Fowler brought this suit in the Boyd circuit court against the Brotherhood of Railroad Trainmen to recover on an insurance policy for alleged injuries to his hand. He alleges that on June 30, 1929, while he was engaged in his duties as a railroad brakeman, a wheel of a railroad car ran over his right hand and injured it, and as a result of such injuries he is totally and permanently disabled, and under the provisions of the policy he is entitled to recover of the appellee the sum of $1,875. He sues on the beneficiary certificate issued to him which entitled him to compensation according to the by-laws and constitution of the Brotherhood of Railroad Trainmen. Section 68 of the constitution of the order under which he seeks to recover reads as follows:

"Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of one or both eyes, or upon becoming seventy years of age, shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate."

Appellant's allegations with respect to his alleged injuries are as follows:

"That as the result of said injury to his right hand as set out in his amended petition he suffered the severance or amputation of his second, third and fourth fingers above the point where they join the palm of his hand, and the severance or amputation of some of the metacarpal bones of said fingers and hand, and suffered the entire severance or amputation of his first finger at or near the point where it joins the palm of his hand, and has no useful portion of said first finger remaining, and suffered the severance or amputation of more than one half of the palm of said hand, and that the wrist and arm of said hand have become shrunken and stiff as the result of said injury. That the larger portion of said hand below the wrist joint has been severed or amputated as result of said injury, and the plaintiff has lost the use of the whole thereof, and of his right arm, and which injuries are equivalent to or greater than the severance of said hand at or above the wrist, and entitle the plaintiff to receive the benefits as aforesaid for the amputation or severance of said hand at or above the wrist joint."

The court sustained a demurrer to the petition and entered judgment dismissing same, and from that judgment this appeal is prosecuted.

The sole question to be determined on this appeal is whether or not appellant's injuries are covered by the provisions of the policy above quoted.

It is insisted for appellant that the larger portion of the hand below the wrist joint has been severed or

amputated as a result of the injury, and the plaintiff has lost the use of the whole hand and arm which are equivalent to or greater than the severance of the hand "at or above the wrist"; therefore he is entitled to receive the benefits of the policy.. To support this position he cites and relies on the case of Beber v. Brotherhood of Railroad Trainmen, 75 Neb. 183, 106 N. W. 168, 121 Am. St. Rep. 782, and other cases of similar holdings. The wording of the policy involved in the Beber Case, supra, was:

> "Any member in good standing, suffering, by means of physical separation, * * * the loss of a hand at or above the wrist joint, * * * shall be considered totally and permanently disabled."

The Nebraska court, in the case supra, held that the "loss" of a hand would be understood to be the loss of the *use of a hand,* although there may be no physical amputation or severance of the member.

It will be noticed that the policy in question in the instant case does not contain the word "loss," the exact language being "the amputation or severance of an entire hand at or above the wrist joint, * * * shall be considered totally and permanently disabled, but not otherwise * * *."

In the case of Brotherhood of Railroad Trainmen v. Walsh, 89 Ohio St. 15, 103 N. E. 759, 760, Walsh sued to recover under the provisions of the policy involving the same language as used in the policy in the instant case. It appeared that there had been an amputation of a part of the hand, with the loss of the use of the entire hand. In distinguishing the policy involved in the Walsh Case, supra, from a case where the word "loss" was used, the court said:

> "In that case, the policy of insurance provided against loss, by severance, of one entire hand. The insured lost only a portion of his hand; but it appeared that the part remaining was useless, and it was held that plaintiff had lost his 'entire hand,' within the meaning of the policy providing for such loss. In the regulation under consideration here, the word 'loss' is eliminated, and the association limited its liability to cases where an entire hand is actually amputated or severed. If, under the regulation in question, defendant in error is entitled to

recover for the loss of the use of his entire hand, which has been severed in part only, then the words 'at or above the wrist joint' would serve no purpose.''

The court further said:

''The association did not insure him against the injury which is described in the amended petition. There is no authority on the part of the court to make a new contract for the parties. It must deal with the contract as it finds it.''

In the case of Fuller v Locomotive Engineers' Mutual Life & Acc. Ins. Ass'n, 122 Mich. 548, 81 N. W. 326, 328, 48 L. R. A. 86, 80 Am. St. Rep. 598, the provisions of the policy involved were ''an injury that shall cause the amputation of a limb [whole hand or foot].'' In construing the policy the court said:

''This language is not ambiguous, and, if the insurance company intended to limit its liability, to cases where the entire member was actually amputated, they could not well have chosen more apt and certain language to indicate it, without supplementing it with a negative statement that should exclude recovery for the amputation of less than the entire foot or hand; and it is doubtful if that would not be open to the same construction as the language actually used. * * *''

To the same effect, see Couch's Cyclopedia of Insurance, vol. 7, p. 5803, sec. 1684.

Robinson v. Brotherhood of Railroad Trainmen, 80 W. Va. 567, 92 S. E. 730, 732, L. R. A. 1917E, 995, involved the construction of the same section of the appellee's constitution and by-laws involved in the instant case. The injury consisted of a severance of a part of the hand. The court said:

''Clearly, the nature o plaintiff's injury did not entitle him to an award or recovery of benefits under section 68 of the constitution. For he did not suffer the amputation or severance of an entire hand or foot or the loss of the sight of both eyes. That section is clear and unambiguous, and there is no occasion to resort to any rule applicable to the construction or interpretation of doubtful language. It 'does not cover the case of an amputation or severance of only a part of a hand, although the hand

is permanently disabled for use in performing any manual service whatever.' Brotherhood of Railroad Trainmen v. Walsh, 89 Ohio St. 15, 103 N. E. 759, wherein section 68 was construed and applied.''

We are mindful of the rule that in construing policies of insurance and benefit certificates wherein the language is uncertain or ambiguous, the courts will adopt that construction more favorable to the insured. But the rule of liberal construction does not mean that the court may add to or strike from the conditions of the policy and thereby make a contract for the parties which they did not make for themselves. Fidelity & Casualty Co. of New York v. Bynum, 221 Ky. 450, 298 S. W. 1080; 14 R. C. L. 931; Northwestern Mutual Life Ins. Co. v. Neafus, 145 Ky. 563, 140 S. W. 1026, 36 L. R. A. (N. S.) 1211.

It is our view that the language used in the policy is plain and unambiguous. The language employed could not be construed to mean that the appellee insured appellant against the *loss of the use of the hand* without the loss of the hand by physical severance or amputation ''at or above the wrist joint.'' It does not insure against disability to earn money or to pursue any particular occupation.

The facts disclosed by this record viewed in the light of the authorities herein cited, we are forced to the conclusion that appellant is not entitled to recover for the injuries described by him, and the court did not err in sustaining the demurrer to the petition.

The judgment is affirmed.