[File No. 6343.]

GORDON HANSON, Contestant, v. EARL WALTER, Contestee.

(259 N. W. 762.)

Opinion filed March 28, 1935.

*Earl Walter* (in pro. per), for appellant.

*Gordon Hanson,* in pro. per. and *B. L. Wilson,* for respondent.

BURR, J. This action involves the office of state's attorney for Burke county. According to the canvassing board Hanson received 1921 votes and Walters 1923. A contest was begun and the district court, after a recount of all of the precincts in the county, found Hanson had received 1911 votes and Walters 1907. Judgment was rendered declaring Hanson duly elected, and Walters appeals.

There are fourteen specifications of error, grouped around three general propositions,—that no proper contest was initiated; that the court erred in rulings during the conduct of the hearing; and that the court erred in the course pursued in recounting the votes.

The notice of contest is dated December 3, 1934. No issue is raised as to the notice itself; but contestee claims the verification is so defective that the validity of the contest notice was destroyed, and that the amendment of the verification made on December 21 came too late. The notice of contest is verified by the contestant and he says "that the same is true to the best of his own knowledge, information and belief." During the hearing, after the contestee had objected to the jurisdiction of the court on the ground that no notice of contest as required by statute had been served, the court permitted the contestant to amend so as to state that the notice was "true of his own knowledge excepting as to matters stated on information and belief and as to those he believes them to be true."

Section 1046 of the Comp. Laws 1913 requires the notice of contest to be "verified as a pleading in a civil action." Section 7456 of the Comp. Laws 1913 requires that a verification made by a party to the action "must be to the effect that the same is true to the knowledge of the person making it, except as to those matters stated upon information and belief, and as to those matters he believes it to be true." The verification was made by a party and therefore was defective. But there was no defect in the notice. itself. · Section 1050 of the Comp. Laws says that in matters of contest "the court shall have power to order amendments to the notice and answer and to all other proceedings as provided in the Code of Civil Procedure." Under the Code of Civil Procedure an amendment to correct a mistake like this is permissible. See §§ 7482 and 7483, Comp. Laws 1913.

Contestee says the notice of contest was not served upon him within the time required by statute. Section 1046 of Comp. Laws 1913 requires notice of contest to be given the contestee "within twenty days after the canvass of the votes of such election, which notice shall be served in the same manner as a summons in a civil action. But if the person whose election is contested cannot be found and shall have ceased to have residence in such county or state, then the notice shall be served by leaving the same at the house where such person last resided, and if no service as above provided can be made, or if no such residence can be found in the state the district court or judge thereof may expressly direct the manner of such service, which notice of contest shall be in writing and shall set forth the facts and grounds upon which the contestant relies in his contest, and shall be verified as a pleading in a civil action."

The votes were canvassed on November 15. The contestant claims "that on the third of December and between such time up to and including the 5th of December the contestee could not be found." The residence of contestee and family is in Bowbells. The sheriff made a return that he could not find the defendant, nor a member of his family upon whom to serve the notice, within Burke county. A showing was made to the district court to the effect that the defendant had left the state or "secreted himself for the purpose of evading service of the notice—." Thereupon the court ordered the notice to be served on contestee by serving a copy upon his stenographer in his office;

or by leaving a copy at his residence "by tacking a copy of said notice of contest on the front door of said residence." This was done on December 4th but no copy of the order was served or tacked. When the contestee returned the notice was served upon him personally on December 7, 1934. Service was made strictly as required by the court, and within the twenty-day period.

In addition the motion for dismissal on the ground that the notice of contest was not properly verified and that no notice had been served within the time required by statute is included in the answer and cross complaint of the contestee. They are all parts of the same document. In this document the contestee denied the election of the contestant, alleged his own election and, as the notice of contest demanded a recount of 23 of the 40 precincts in the county, contestee demanded a recount of the remaining precincts. Contestee invoked the jurisdiction of the court. He asked the court to determine questions touching the merits and not relating to the jurisdiction. He thus appeared generally.

Contestee's claim that no oath was administered to the contestant at the first verification is without merit, according to the record.

Contestee claims that the court erred in not requiring additional surety upon demand. When the notice of contest was drawn, one Geo. Hansen signed it as surety for costs. During the progress of the trial contestee objected to the surety and demanded that he be required to justify. We find no authority for this demand on the part of the contestee. Section 1053 of the Comp. Laws 1913 says: "Any person bringing a contest under the provisions of this article must before bringing the same furnish good and sufficient surety for costs as provided in the Code of Civil Procedure, and the obligation of such surety shall be complete by simply indorsing the notice of contest as surety for costs."

This was done. The Code of Civil Procedure requires surety for costs where the plaintiff is a non-resident, or becomes a non-resident or is a foreign corporation. The only requirements of the surety are that he be a resident of the county where the action is to be brought and that he must be approved by the clerk. "His obligation shall be complete by simply indorsing the summons or signing his name on the complaint as security for costs." § 7812. Additional security may be

demanded "after reasonable notice to the plaintiff" and in that event "if on such motion the court is satisfied that the surety has removed from this state or is not sufficient the action may be dismissed, unless in a reasonable time to be fixed by the court sufficient surety is given by the plaintiff." § 7816. There is nothing in the record to show the surety had removed from the state or that the court was satisfied the surety was not sufficient; nor is there intimation to this effect. Therefore no error was committed.

The remaining specifications of error deal with the recount. The court proceeded to count the precincts challenged by contestant. When the contestant rested the contestee attempted to dismiss his cross complaint dealing with the remaining precincts; but the court proceeded to recount the votes in such precincts. Thus the court held that all the precincts were to be counted. There was no error in this. Contestee was not prejudiced thereby. The count of these precincts showed the contestant had gained enough votes to more than offset the majority shown by the certificate issued by the canvassers, and the court could well have considered the official returns correct as to the remainder of the precincts. As the recount did not alter the ultimate facts the contestee was not injured. The pleadings demanded a recount of all the precincts. The motion was addressed to the sound judicial discretion of the court and there was no error in denying the motion. The recount showed the contestant had received 1911 votes and the contestee 1907. No question is raised as to the accuracy of this recount—the contestee resting his case upon the objections to the notice and service, and the rulings of the court during the hearing. The judgment of the district court is affirmed.

BURKE, Ch. J., and MORRIS, CHRISTIANSON and NUESSLE, JJ., concur.