LOOS *v.* BROTHERHOOD OF RAILROAD TRAINMEN.

[No. 15,223. Filed June 3, 1936. Rehearing denied October 13, 1936. Transfer denied December 15, 1936.]

694

*Elmer Q. Lockyear, Seth S. Ward, Theodore Lockyear,* and *R. Owen Williams,* for appellant.

*James E. Deery,* for appellee.

CURTIS, J.—This was an action by the appellant against the appellee upon what is known as an Individual Reserve Certificate, Number 37740, issued by the Brotherhood of Railroad Trainmen to the appellant under the terms of which he claims that under Section 68 of the By-Laws of the appellee Brotherhood that there is due him from the appellee the sum of Two Thousand Dollars ($2,000.00) for total disability as shall hereafter more fully appear.

The issues in this case were formed by the complaint setting out in full a copy of a certificate issued to the appellant by the appellee, together with a copy of that part of the By-Laws which the appellant claimed constituted the basis of his right of action against the appellee Brotherhood and alleging that he had fully complied with all of the terms of the contract on his part to be performed. To this complaint the appellee filed a demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, together with a memorandum attached thereto.

The court sustained said demurrer and the appellant refusing to plead further, judgment was rendered

against him and for costs, to which action of the court the appellant at the time duly excepted. The only error relied upon for reversal is the ruling of the court sustaining the demurrer to the complaint.

Omitting formal parts the complaint is as follows:

"The plaintiff complains of the defendant and says: That on the 1st day of February, 1933, the defendant issued to the plaintiff a policy of insurance denominated as Individual's Reserve Certificate, No. I. R. 1, No. 37740, a copy of which certificate is filed herewith, made a part hereof, and marked Exhibit A. That said certificate provides for the disability benefits as set forth in the Constitution and Rules of the Brotherhood. That the Constitution and Rules of said Brotherhood, which forms the basis of a cause of action against the defendant for disability are contained in two sections thereof, viz., Sections 68 and 70.

Section 68 provides:

'Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of both eyes, or upon becoming seventy (70) years of age, shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate. A disabled member paid under this section shall, unless holding a valid certificate in the Individual Reserve Department, automatically becomes a nonbeneficiary or honarary member beginning with the month following the month in which his claim was approved providing he pays such dues and assessments that are required from non-beneficiary or honorary members.'

That section 70 provides:

'All claims for disability not coming within the provisions of Section 68 shall be held to be addressed to the benevolence of the Brotherhood, and

shall in no case be made the basis of any legal liability on the part of the Brotherhood. Every such claim shall be referred to the Beneficiary Board, composed of the President, Assistant to the President, and General Secretary and Treasurer, who shall prescribe the character and decide as to the sufficiency of the proofs to be furnished by the claimant, and if approved by said Board, the claimant shall be paid an amount equal to the full amount of the certificate held by him, and such payment shall be considered a surrender and cancellation of such certificate, provided that the approval of said Board shall be required as a condition precedent to the right of any such claimant to benefits hereunder and it is agreed that this section may be pleaded in bar of any suit or action at law, or in equity, which may be commenced in any court to enforce the payment of any such claim. No appeal shall be allowed from the action of said Board in any case; but the General Secretary and Treasurer shall report all disapproved claims made under this section to the Board of Insurance at its next annual meeting for such disposition as such Board of Insurance shall deem just and proper.'

That section 58 of said Constitution and General Rules provides:

'The Brotherhood shall establish and maintain two insurance funds, one to be known as the Beneficiary Fund and one to be known as the Individual Reserve Fund and all members shall participate in one or both funds, except that non-beneficiary and honorary members shall not be permitted to participate in either of the funds unless they can pass a satisfactory physical examination. The Beneficiary Fund shall be disbursed exclusively in paying death, total and permanent disability, and benevolent claims, as described in Sections 68, 69 and 70.'

That after the issuance to plaintiff of said Certificate, he became permanently and totally disabled, and that he duly presented his claim under Section 70 to the Lodge in writing upon the form provided by the General Secretary and Treasurer owing to his condition and the basis of his claim. That the

defendant refused to pay said claim, and refused the same without cause.

That plaintiff alleges further that he has at all times been in good standing, has paid his dues and assessments as provided by the defendant, and has fully complied with all the lawful conditions of his contract with the defendant on his part to be performed.

The plaintiff says further that the parts of Section 70 which provided that in no case shall the claim of the plaintiff be made the basis of any legal liability on the part of the defendant, and that said Section 70 may be pleaded in bar of any action, or in equity, which may be commenced in any court to enforce the payment of such claim, and that the approval of the board shall be required as a condition precedent to the right of the plaintiff to benefits under his said certificate are illegal and void.

That whereas in truth and in fact the plaintiff is permanently disabled as above set out in this complaint, and that there is due and owing from the defendant to the plaintiff Two Thousand Dollars ($2,000.00), together with interest.

WHEREFORE, the plaintiff prays judgment for Two Thousand Five Hundred Dollars ($2,500.00), and all further and proper relief." ˙

Said Exhibit A is as follows:

"I. R. 1 No. 37740
BOARD OF INSURANCE
May 17, 1933
B. of R. T.

INDIVIDUAL RESERVE CERTIFICATE
YEARLY RENEWABLE TERM PLAN
WITH OR WITHOUT DISABILITY BENEFITS
AGE 40                    WITH DISABILITY
BROTHERHOOD OF RAILROAD TRAINMEN

THIS CERTIFICATE ISSUED BY THE BROTH-ERHOOD OF RAILROAD TRAINMEN WIT-NESSETH, That CLARENCE DAY LOOS, a member of HOOSIER Lodge No. 261 of said Brotherhood is entitled to all the rights, privileges and benefits of membership in the Brotherhood of Railroad Trainmen and subject to the obligations and responsibilities provided in the Constitution and Rules of The Brotherhood and pledges the BROTH-

ERHOOD OF RAILROAD TRAINMEN to the payment of ($2,000.00) TWO THOUSAND ONLY ................DOLLARS, in the way of death benefit to OTTA BELLE LOOS, bearing the relation to him of.................wife..................if living; if not, to the executor or administrator of said member's estate in trust, however, for, and to be forthwith paid over to his heirs at law, and the amount to be paid hereunder as a death benefit shall become due only upon the presentment of proper proofs of death of the assured, and the legal right of such executor or administrator to receive the same, such proofs to be made in accordance with the Constitution and Rules of the Brotherhood. This certificate provides for the disability benefits as set forth in the Constitution and Rules of the Brotherhood.

This Certificate is issued in consideration of the payment to the Brotherhood of the sum of ($2.84) for the month in which this Certificate is dated and the payment to the Brotherhood of $2.84 before the first day of each of the succeeding eleven months and thereafter likewise in monthly payments at the rates applicable to the attained age of the member for each year.

This Certificate is issued by the Brotherhood and accepted by the member upon the express understanding and agreement between the Brotherhood and said member that all of the provisions of the Constitution and Rules of the Brotherhood now in force or which hereafter may be adopted, which as printed and published by the Brotherhood, the application for Individual Reserve Certificate signed by him together with all conditions herein or endorsed hereon, and the report of medical examination, copies of which application, and report of medical examination are attached hereto, all of which are made a part hereof and together with this Certificate, constitute the contract between said member and said Brotherhood as fully and completely as if incorporated herein and made a part of this Certificate, and the acceptance by said member of this Certificate shall be construed as consenting to the terms hereof, and said member shall in every particular, while a member of the Brotherhood, comply with all laws, rules and requirements thereof.

In Witness Whereof, the Brotherhood of Rail-

road Trainmen has caused this Certificate to be signed by its President and General Secretary and Treasurer and the seal thereof attached.

This FIRST day of FEBRUARY.

One thousand nine hundred and thirty-three."

The demurrer, as previously stated, was upon the ground of insufficient facts to state a cause of action. We do not deem it necessary to set it out in full but in stating the contentions of the appellee enough of its specifications will be considered to form the basis for the decision.

The appellant's main argument centers around his propositions by which he contends that the appellant paid dues to the appellee and in return received a promise of benefits and that in so doing the appellee was not a pure benevolent society, and, therefore, that it cannot by contract deny a right of action to the appellant in the courts. Stated another way, it is appellant's contention that the appellee by the Individual Reserve Certificate in question and by its Constitution and Rules attempted to create a judicial tribunal for the final and conclusive settlement of controversies between it and its members without the right of appeal to the court; that the appellee has attempted to make the action of its corporate officers and boards final and conclusive by giving them the power to reject arbitrarily the appellant's claim; that the appellee has attempted by the said Individual Reserve Certificate and its Constitution and Rules to oust the jurisdiction of the courts in a matter over which the courts properly have jurisdiction; that a rule of relief associations such as the appellee which attempts to make a decision of a committee of its officers final and conclusive and attempts to cut off the right to a resort to the courts is void. It is further contended by the appellant that he has contributed to two funds and that he is entitled to share in both funds, and therefore, as the holder of an Individual Reserve Certificate,

he is entitled to receive benefits from the Beneficiary Fund.

It is the appellee's contention that where there is no agreement or promise to pay benefits but where there is a provision for a benevolence in cases not coming within the by-laws of the society which do not contain a definite promise to pay, that members of such societies may agree to submit the question of benevolence to a board to determine whether or not such benevolence may be granted and that such agreements are valid and not contrary to public policy although the action of such board is made final and conclusive.

The appellee relies mainly upon the first sentence of said section 70, *supra,* which reads as follows:

> "All claims for disability not coming within the provision of section 68 shall be addressed to the benevolence of the Brotherhood, and shall in no case be made the basis of any legal liability on the part of the Brotherhood."

The contention of the appellee is that the above language is clear and unambiguous and that at no place in either the certificate or in the Constitution and Rules of the order is there any agreement to pay the holder of such a certificate as the appellant holds and who became disabled in the manner shown in the complaint, anything except such benevolence or benevolences as may be granted by the Board representing the appellee and that the certificate issued to the appellant is but a part of his contract and that it must be construed together with the Constitution and Rules of the order and that when it is so construed it is found to contain no promise to pay but places the claim entirely upon the basis of a benevolence.

It is the further contention of the appellee that when the entire contract contains no promise to pay but limits the liability to such benevolence or benevolences as the board representing the appellee decides upon that it is

proper and legal in such case to make the action of said board final without any resort to the courts.

Contracts, identical or in a large measure identical in legal effect with the contract of the parties to this appeal have been considered and construed by the courts of final resort in some fourteen of the other states of this country and in each instance the result has been adverse to the appellant's contentions herein. See: *Grand Lodge, etc., Railroad Trainmen* v. *Smith* (1922), 129 Miss. 738, 92 So. 837, 27 A. L. R. 863; *Pool* v. *Brotherhood of Railroad Trainmen* (1904), 143 Cal. 650, 77 Pac. 661; *Kelly* v. *Brotherhood of Railroad Trainmen* (1923), 308 Ill. 508, 140 N. E. 5, 29 A. L. R. 243 [the above case overrules *Miller* v. *Grand Lodge B. R. T.* (1918), 282 Ill. 430, 118 N. E. 713; *Bond* v. *Grand Lodge B. R. T.* (1911), 165 Ill. App. 490; *Convery* v. *Brotherhood of Railroad Trainmen* (1914), 190 Ill. App. 479]; *Huff* v. *Grand Lodge, etc., Railroad Trainmen* (1915), 97 Neb. 848, 151 N. W. 979; *Robinson* v. *Brotherhood of Railroad Trainmen* (1917), 80 W. Va. 567, L. R. A. 1917E, 995, 92 S. E. 730; *Whitney* v. *National Masonic Acc. Assn.* (1893), 52 Minn. 378, 54 N. W. 184; *Grand Lodge, etc., Railroad Trainmen* v. *Nolen* (1922), 196 Ky. 296, 244 S. W. 759; *Brotherhood of Railroad Trainmen* v. *Walsh* (1913), 89 Oh. St. 15, 103 N. E. 759; *Holcomb* v. *Grand Lodge, etc., Railroad Trainmen* (1916), 171 Ky. 843, 188 S. W. 762; *Eighmy* v. *Brotherhood of Railway Trainmen* (1900), 113 Iowa 681, 83 N. E. 1051; *Reiden* v. *Brotherhood of Railroad Trainmen* (1916), (Tex.), 184 S. W. 689; *Order of Railway Conductors* v. *Carpenter* (1926), 114 Oh. St. 255, 151 N. E. 45; *Sanderson* v. *Brotherhood, etc., Trainmen* (1902), 204 Pa. St. 182, 53 Atl. 767; 45 C. J. 230, Sec. 180; *Brotherhood of Railway Trainmen* v. *Deaton* (1928), 175 Ark. 733, 1 S. W. (2d) 51; *Fowler* v. *Brotherhood of Railway Trainmen* (1934), 253 Ky. 786, 70 S. W. (2d) 669; *Welch* v. *Brotherhood of Railroad*

*Trainmen* (1931), 200 N. C. 184, 156 S. E. 539; *Banister* v. *Gray* (1933), 261 N. Y. 445, 185 N. E. 695. See also: Sec. 118, Bacon "Life and Accident Insurance"; Sec. 354a, Couch's "Cyclopedia of Insurance Laws"; 51 A. L. R. 1421, and annotations. The distinguishing feature in all the cases, including the three Indiana cases relied upon by the appellant is that provisions of the general nature of the ones under consideration are held invalid "if by its contract the association assumes an absolute legal obligation to pay the benefits in a certain event *and does not merely engage to pay such benefits as may be awarded by its officers and tribunals.*" See note in 51 A. L. R. 1421.

As a bare legal proposition we believe there is no doubt but that such an organization as the appellee may properly and legally provide for benevolences and that such benevolences may be dispensed by such organization through its officers or boards and that a provision in its Constitution and Rules or certificate of membership may properly limit the granting or withholding of such benevolences to such persons as may be selected by the organization or its officers or boards and may also legally provide that no appeal to the courts may be taken from such action.

The complaint is drawn upon the theory that the appellant became totally and permanently disabled but not in any of the manners provided for in said Section 68, *supra.* The said Section 68, *supra,* of the Constitution and Rules as above set out provides for two insurance funds, one to be known as the Beneficiary Fund and the other as the Individual Reserve Fund. It provides also that "The Beneficiary Fund shall be disbursed exclusively in paying death, total and permanent disability and benevolent claims as described in Sections 68, 69 and 70."

The appellant has not shown by his complaint that he

comes within any of the provisions of the appellee order by which he can demand payment of any sum of money. It therefore fails to state a cause of action. The demurrer to it was properly sustained. See the following additional authorities: *Brotherhood of Railroad Trainmen v. Powers* (1935), 260 Ky. 810, 86 S. W. (2d) 1001; *Huffman v. Brotherhood of Railroad Trainmen* (1935), 65 N. D. 446, 259 N. W. 663; *Wasson v. Brotherhood of Railroad Trainmen* (1935), 65 N. D. 465, 259 N. W. 670; *Gabrell v. Grand Lodge B. R. T.* (Georgia, 1935), 177 S. E. 918; *Routt v. Brotherhood of Railroad Trainmen* (1918), 102 Neb. 642, 168 N. W. 599; *Kane v. Brotherhood of Railroad Trainmen* (1918), 102 Neb. 645, 168 N. W. 598; *Mulcahey v. Brotherhood of Railroad Trainmen* (1934), 229 Mo. App. 610, 79 S. W. (2d) 759.

Judgment affirmed.